## RICKS v. WADE, Judge, et al.

No. 6011.   Decided August 14, 1939.   (93 P. 2d 479.)

*Arthur Woolley*, of Ogden, for plaintiff.

*D. J. Wilson*, of Ogden, for defendants.

MOFFAT, Chief Justice.

On the 21st day of April, 1938, an alternative writ of prohibition was issued out of this court upon the application of the plaintiff, Leon C. Ricks. On the 5th day of May, 1938, transcript of the record of cases No. 15213 and 15941 from the clerk of Weber County, Utah, were filed in this court. Only case 15213 is involved herein. A demurrer to the petition and an answer to the alternative writ were filed at the same time, all of which constitute the return and present the issues of the cause. No further action was taken until the court advised the parties the cause would be dismissed for want of prosecution. Final briefs were filed May 27, 1939, and the cause was argued and submitted.

The record discloses that on the 6th day of July, 1936, a complaint was filed in the District Court of the Second Judicial District of the State of Utah in and for Weber County, Utah, by Beulah T. Ricks, as plaintiff, against Leon C. Ricks, as defendant, for divorce alimony and custody of her minor child. The defendant Leon C. Ricks was at the time a resident of the State of Wyoming. On July 10, 1936, a summons, with a copy of the complaint attached, was personally served upon him at Cheyenne, Wyoming. At that time the defendant Leon C. Ricks did not appear in the action. On August 29, 1936, a judgment on default was entered. The judgment was for divorce and custody of the minor child.

Subsequently and by a separate suit, case No. 15941, District Court of Weber County, Utah, Beulah T. Ricks sought to recover support money for the minor child from Leon C. Ricks. Thereupon Leon C. Ricks appeared in the original action claiming the appearance to be special, objecting to the jurisdiction of the court and applied to the court to quash the summons upon the grounds that no affidavit had been filed with the court or the clerk as to non-residence of defendant as provided by statute for service of summons by publication; and no order was obtained from the court or clerk to serve him personally out of state.

The motion was denied by Honorable Lester A. Wade, one of the Judges of the Second District Court. Thereupon the plaintiff Leon C. Ricks, in this proceeding, sought and was granted an alternative writ of prohibition seeking to prohibit the court from proceeding in case No. 15213.

Counsel have argued and cited cases relating to the construction of the statutes of Utah providing for constructive service of defendants out of the state, actions in rem, corporate defendants, etc., and the provisions of the statutes relating thereto.

We proceed to examine the question as submitted by plaintiff, viz.: The interpretation of sections 104-5-12 and 104-5-13, Revised Statutes of Utah, 1933, being the statute applicable to service of summons on out of state defendants. Plaintiff argues the necessity of filing an affidavit and getting an order of the court before one may proceed to serve personally out of state defendants. We cannot agree with plaintiff's contention in this regard. Section 104-5-12 reads:

"Where the person upon whom service is to be made resides outside of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself to avoid the service of summons; or where the defendant is a corporation having no officer or other agent upon whom summons can be served within this state, or where in an action in rem some or all of the defendants are unknown, and any of such facts appear by affidavit of the plaintiff or his agent to the satisfaction of the court or a judge thereof, or of the clerk, and where it also appears by such affidavit or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a necessary or proper party to the action, the court or judge, or the clerk may make an order that the service of summons be made by publication. The summons as published shall contain a description of the subject matter or res involved in the action."

It needs no comment to establish the meaning of Section 104-5-12, supra. It refers to the procedure where it is necessary to acquire jurisdiction by publication. It is also clear that the following part of Section 104-5-13 relates to the ser-

vice by publication and not to personal service out of the state:

"The order must direct the publication to be made five times, once in each week for five successive weeks in a newspaper having general circulation, published in the county in which the action is brought, or if no newspaper is published in such county, then in a newspaper having general circulation in such county. In case of publication where the residence of a nonresident or absent defendant is known, the clerk must forthwith deposit a copy of the summons and complaint in the post office, postage prepaid, directed to the person to be served at his place of residence. The service of the summons is complete on the thirtieth day after the first publication."

Had the foregoing part of Section 104-5-13 been included in and made a part of Section 104-5-12, to which it properly belongs and of which it should be a part, on the basis of subject matter then the following part of Section 104-5-13, separately read as it must be, renders the situation sufficiently clear as to make the chance of controversy or misinterpretation negligible. So separated:

"Personal service of a copy of the summons and complaint outside of the state is equivalent to publication and a deposit in the post office and shall be complete on the tenth day after such service."

Either method of service, by publication or personal service out of the state, vests no authority in the court to enter personal judgments. There are two methods of obtaining service on non-resident defendants, where the issues affect a res or a legal status, viz.: By publication of summons or by personal service out of the state. Proof of such service is provided by statute. That personal service of a summons together with a copy of a complaint is more certain to give notice to a non-resident defendant than publication is recognized by the statute.

It requires, to make a published summons complete, the arrival of the "thirtieth day after the first publication" while personal service out of the state is "complete on the tenth day after such service." This comports with common sense. Personal service anywhere is more certain to give a defen-

dant notice and information concerning an action against him than a publication however amply or widely distributed the circulation of the publication medium may extend.

The service of the summons and copy of the complaint in the divorce action on the defendant with the proof of the service gave the court after the statutory time had expired without appearance jurisdiction to enter the judgment by default.

One further matter may be noted, not argued in the briefs. When plaintiff here, defendant in the divorce action, filed his motion to quash the summons he applied to the court not only to quash the summons but in addition thereto requested the court for an order "vacating said decree and dismissing the action."

In the case of *Clawson* v. *Boston Acme Mines Development Co. et al.*, 72 Utah 137, 269 P. 147, 59 A. L. R. 1318, it was held that a special appearance raising jurisdictional grounds was converted into a general appearance by the inclusion of a motion to dismiss the action. The court said, 72 Utah at page 160, 269 P. at page 155, 59 A. L. R. 1318:

"It seems to us, however, that appellant's motion to dismiss the action invoked the power of the court to grant relief on other than jurisdictional grounds."

The defendant in the divorce action, No. 15213, having invoked the powers of the court by seeking affirmative relief by asking for a dismissal of the cause; entered a general appearance. The court having acquired jurisdiction, first by personal service and proof thereof out of the state and, secondly, by his personal appearance made general by invoking the powers of the court to dismiss the action, he is not entitled to have the service of summons quashed. The courts are open for him to pursue such remedies as may be available. The alternative writ was improvidently issued. It is therefore quashed. Such is the order.

Defendant to recover costs.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice.

I concur in the result. The statute does say that "personal service of a copy of the summons and complaint outside of the state is *equivalent* to publication and deposit in the post office" (italics added), thus giving weight to the argument that an order from the court or clerk is a condition precedent to all constructive service, the personal service being in lieu of publication and mailing merely. But I cannot see how this result would be changed if part of Section 104-5-13, R. S. U. 1933, had been included in Section 104-5-12, as indicated by the opinion. I think the answer lies not in any different arrangement of the sections but in the fact that where personal service out of the state is made, there is given a notice of suit more sure and certain than publication and mailing would assure. The very reason the affidavit or verified complaint is required as a condition for the order of publication and mailing is to make sure that the person requesting such order has shown every reasonable diligence to ascertain the whereabouts of the defendant in order that such person may be reached by mailing if possible. If diligence or good faith in endeavoring to ascertain his whereabouts is not employed, or if sufficient facts are not shown in the affidavit from which it can be inferred that such diligence and good faith were employed, the order itself may be set aside. See *Liebhart* v. *Lawrence*, 40 Utah 243, 120 P. 215. But where there is direct and personal service on defendant with a return showing the same, the ultimate desideratum of the whole requirement of affidavit, order, publication, and mailing, i. e., notice to defendant, is accomplished more certainly than by publication and mailing. Hence the necessity for publication and mailing can be dispensed with since the reason which requires them is inapplicable. The "publication" for which personal service of summons and complaint out of this state is a substitute, embraces the whole process of affidavit, order, publication and mailing. See *Miller* v. *Davison*, 31 Iowa 435; and *Roznik* v. *Becker*, 68 Wash. 63, 122 P. 593, cited in defendant's brief. Therefore,

while a literal reading of Section 104-5-12 and 104-5-13, supports the construction urged by the applicant, the common sense construction is as found in the opinion. For this reason I concur in the result.

I see no reason in this case for considering the effect of the filing of a motion to dismiss action No. 15213. It was not argued in the briefs. The alternative writ of prohibition for reasons above stated must be recalled. No further reason is necessary. If the court had jurisdiction to render judgment in the divorce action No. 15213 thus making that judgment valid, it seems to me to be a work of supererogation to determine that defendant's purported special appearance was in fact a general appearance and for that reason also the lower court had jurisdiction of the case. The validity of the judgment already rendered against him at the time of his general appearance must at all events depend on the jurisdiction of the court at the time it was rendered. A general appearance after it was rendered would not validate it if it was invalid, but would simply permit the court to proceed after general appearance. And if the judgment was valid for the reasons stated in either of these opinions, the effect of a general appearance giving the court jurisdiction of defendant's person where it formerly had jurisdiction only of the res, is entirely irrelevant to the decision and I think somewhat confusing.