**Stephen F. GRAHAM and Gerald L. Jackson, Plaintiffs,**

v.

**The Honorable James S. SAWAYA, Judge, Third Judicial District Court, State of Utah, Defendant.**

**No. 17604.**

Supreme Court of Utah.

July 6, 1981.

---

* Crockett, Justice, concurred in this case before his retirement.

W. Scott Barrett, Logan, for plaintiffs.

Ted L. Cannon, Roger A. Livingston, Salt Lake City, for defendant.

OAKS, Justice:

This is an original action for an extraordinary writ to compel a district court to enter a default judgment. The issue is whether a court can enter a valid default judgment in an action *in personam* where the only service of process or notice of the action was by publication and by mailing to the last known address of a defendant whose present address is unknown and who has not been found after diligent inquiry within the state. We hold in the negative. Statutory citations are to Utah Code Annotated, 1953.

In the district court, the plaintiffs alleged two causes of action against several defendants: fraud in procuring funds and management services for the development of a restaurant, and conversion in the taking and use of the investment money. Pursuant to an affidavit for publication of summons under Utah Rules of Civil Procedure (U.R.C.P.), Rule 4(f)(1), a district judge signed an order directing publication of a summons on defendant Sherrill Pugh, whose present address was unknown and who had not been found after diligent inquiry within the state.[1] Following publication, plaintiffs requested a hearing for the purpose of entering a default judgment. A different district judge refused to hold such a hearing and refused to enter a default judgment against defendant Pugh on the ground that he had not been properly served. Plaintiffs challenge those refusals in this petition for an extraordinary writ under U.R.C.P., Rule 65B(b)(3).

The complaint in the district court sought a judgment *in personam*—imposing liability

---

1. The record does not contain the affidavit for publication of summons, but it does contain the order directing publication, which reads, in pertinent part: "Defendant has departed from the State of Utah and can not be found after diligent inquiry and search within the state and ... that personal service of said Summons and Complaint can not be made on said Defendant within the State of Utah ... and ... that the present address of said Defendant is unknown but that his last known address was 1950 Trenton, Denver, Colorado." In addition to authorizing publication, the court ordered that the clerk mail a copy of the summons and complaint to defendant at his last known address.

on the person of the defendant—rather than a judgment *in rem* or *quasi in rem* —affecting the defendant's interest in property or a status like marriage. Traditionally, a court did not have jurisdiction to enter a judgment *in personam* unless there had been personal service on the defendant within the boundaries of the forum state.[2] Relying on a series of United States Supreme Court decisions which relaxed this requirement,[3] so-called "long-arm" statutes like § 78–27–22 *et seq.*, describe the enlarged circumstances under which courts can obtain jurisdiction and service of process upon persons beyond the boundaries of the forum state.[4]

We assume—as the parties apparently also assume—that the circumstances of this case fit within some category of the long-arm statute, § 78–27–24, and provide the constitutionally required minimal contacts with this state, *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), so the district court would have had constitutional jurisdiction to enter a valid judgment *in personam* against a defendant who had been actually notified of the action through service of process personally or by mail at some location inside or outside this state. The question in this case is whether the district court also has jurisdiction when there is no service of process or actual notification, but only publication of notice in the forum state, accompanied by mailing to the defendant's last known address.

■■■ The Due Process Clauses of the United States and Utah Constitutions require notice to a party before his or her

rights are affected by a judgment. Under this requirement, so-called "notice by publication" is a last resort, not an equivalent to actual service of process in person or by mail. As the United States Supreme Court held in the leading case of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (opinion by Justice Robert H. Jackson):

> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

339 U.S. at 315, 70 S.Ct. at 657. The Court had this to say about the effectiveness of notice by publication:

> It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. . . . Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

Notice by publication has been found acceptable in some circumstances for a judgment *in rem* or *quasi in rem*, where, so far as defendant is concerned, the judgment affects only an interest in property or status within the territorial jurisdiction of the court.[5] Even in that circumstance, how-

---

2. *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878); *Ricks v. Wade*, 97 Utah 402, 405, 93 P.2d 479 (1939).

3. E. g., *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

4. See generally, Kristine Strachan, *In Personam Jurisdiction in Utah*, 1977 Utah L.Rev. 235.

5. *Standard Oil Co. v. New Jersey*, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951) (escheat); *Mullane v. Central Hanover Bank & Trust Co.*,

339 U.S. 306, 318, 70 S.Ct. 652, 659 (1950) (common trust funds); *Lloyd v. Third Judicial District Court*, 27 Utah 2d 322, 495 P.2d 1262 (1972) (divorce); *Board of County Comm'rs of Stevens County v. Alldritt*, 217 Kan. 331, 536 P.2d 1377 (1975) (tax foreclosure); *Brunell Leasing Corp. v. Wilkins*, 11 Ariz.App. 165, 462 P.2d 858 (1969) (claim against estate); *Montezuma Valley Irrigation Co. v. Wilkerson*, 167 Colo. 192, 446 P.2d 703 (1968) (water adjudication); Note, Requirements of Notice in In Rem Proceedings, 70 Harv.L.Rev. 1257 (1957). This Court's reservations about service by mail expressed in *Lloyd v. Third Judicial District Court*, supra, were mooted by the adoption of

ever, publication is not a constitutionally acceptable means of notice of the pendency of litigation where "it is not reasonably calculated to reach those who could easily be informed by other means at hand."[6]

This qualification prohibiting notice by publication when it is not reasonably calculated to reach the defendant obviously applies *a fortiori* to a judgment *in personam*, which seeks to impose personal liability on the defendant. Absent the "presence" in the forum state that affords a basis for jurisdiction *in rem* or *quasi in rem* and gives an added opportunity for notice, there is no basis for presuming that notice by publication will come to the attention of the defendant. In respect to a judgment *in personam*, the prospects for notice by publication "actually informing the absentee" are, as was noted in *Mullane v. Central Hanover Bank & Trust Co., supra,* not much more than idle pretense.

▪ But what of the present circumstance, where defendant's whereabouts is unknown? Does the circumstance of necessity, which has sometimes been held to justify notice by publication for a judgment *in rem* or *quasi in rem* where there is no other means of notice better calculated to come to the defendant's attention,[7] permit a judgment *in personam* on the facts of this case on the basis of notice by publication accompanied by mailing to defendant's last known address? We hold that it does not.

The governing constitutional principle on which we rest our decision is the due process requirement that the mode of service be "reasonably calculated to give [defendant] actual notice of the proceedings and an opportunity to be heard," *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed.2d 278 (1940), or, more specifically,

that the means of notice "must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co., supra,* 339 U.S. at 315, 70 S.Ct. at 657. In this important matter, the United States and Utah Constitutions therefore require reasonable assurance of actual notice for an *in personam* judgment, not just a showing that the means of notice employed was the best available in the circumstance. Notice by publication, even when accompanied by mailing to the "last known address" of the defendant, does not measure up to the constitutional standard for an *in personam* judgment, and U.R.C.P., Rule 4, and our long-arm statute, § 78–27–25, cannot be applied in contravention of that standard.

This opinion should not be read as casting any doubt on the constitutional validity of the "actual notice" communicated by "mailing a copy of the summons and complaint to the party to be served at his address. . . ." U.R.C.P., Rule 4(f)(2). We interpret the quoted language as a reference to the party's present address, which is quite a different matter for purposes of the constitutional requirement of notice than the "last known address" of a person whose present address is unknown. However, we express no opinion on whether Rule 4(f)(2) applies to actions *in personam* as well as actions in rem and *quasi in rem.*

Judge Sawaya's refusal to hold the requested hearing or to enter a default judgment on the basis of notice by publication was proper on the facts of this case, and the requested extraordinary writ must therefore be denied. *So ordered.*

MAUGHAN, C. J., and HALL, STEWART and HOWE, JJ., concur.

---

Rule 4(f)(2) shortly after the issuance of the *Lloyd* opinion.

When a defendant has property , or status subject to the jurisdiction of a particular state, there is some foundation for believing that a notice published in that state will come to defendant's attention and therefore serve as actual notice to defendant of a pending challenge to that property or status. This is especially true where publication is accompanied by some visible interference with the defendant's possesso-

ry or proprietary rights. This added element is absent in a case involving jurisdiction in personam.

6. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. at 319, 70 S.Ct. at 659; *Walker v. City of Hutchinson,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

7. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. at 318, 70 S.Ct. at 659.