HAYDEÉ RODRÍGUEZ, demandante y peticionaria, *v.* ALFRED NASRALLAH, demandado y recurrido.

Número: CE-86-110          Resuelto: 19 de diciembre de 1986

*Gerardo M. Mariani,* de *Woods & Woods,* abogado de la parte peticionaria; *Agustín F. Fortuño,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En el presente caso revisamos la resolución que dejó sin efecto la sentencia en una demanda de liquidación y división de sociedad de gananciales incoada por la peticionaria Haydeé Rodríguez Morales en contra de Alfred Nasrallah, recurrido. Las partes se conocieron en Puerto Rico y luego de que contrajeran matrimonio en Jacksonville, Florida el 30 de junio de 1961, regresaron a Puerto Rico donde residieron por espacio de diecisiete años y donde procrearon dos hijos. Las relaciones entre las partes se deterioraron y la peticionaria instó demanda de divorcio en el Tribunal Superior de Puerto Rico, Sala de San Juan, dictándose sentencia de divorcio el 20 de octubre de 1980. Al presente dicho caso continúa activo litigándose en lo concerniente a alimentos.

Con el propósito de instar demanda de liquidación de la sociedad de gananciales, la peticionaria trató de conseguir la dirección del recurrido. Ésta alega que no conocía la dirección de su ex esposo, quien se fue de Puerto Rico luego del divorcio. También alega que inquirió a los familiares del recurrido sobre la dirección de éste, pero le contestaron que tenían instrucciones de no divulgar tal dirección. Durante los primeros meses de 1982, el recurrido escribió a uno de sus hijos una carta donde señalaba la dirección de "2482 S.W. 17th Ave., Miami, Florida", como la del remitente. En marzo de 1982 los hijos menores de las partes visitaron a su padre en la ciudad de Miami, y se hospedaron todos con un primo del recurrido.

Durante el 1982 el recurrido visitó varias veces Puerto Rico y compartió con sus hijos. La recurrente alega que los

menores no sabían decirle dónde se hospedaba el recurrido y que ellos tenían temor de divulgar lo que podían saber por razón de advertencias que les hiciera su padre.

La peticionaria presentó demanda de liquidación de sociedad de gananciales el 19 de abril de 1982 en el Tribunal Superior de Puerto Rico, Sala de Bayamón. Posteriormente se presentó una moción jurada para solicitar emplazamiento por edicto, a tenor con la Regla 4.5 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III. En la misma se alegó que el demandado residía fuera de Puerto Rico y que su última dirección conocida era el "2482 S.W. 17th Ave., Miami". El tribunal de instancia accedió a dicha petición. El demandado fue emplazado por edictos publicados en el periódico El Vocero el 4 de agosto de 1982, y también se acreditó que el 9 de agosto siguiente, mediante correo certificado con acuse de recibo, se dirigió al demandado, a su última dirección conocida, "2482 S.W. 17th Ave., Miami", copia de la demanda, del emplazamiento, de la orden y del edicto. Estos documentos los recibió la Sra. Nancy McKool. El demandado nunca compareció ante el tribunal de instancia y el 10 de noviembre de 1982, luego de celebrar una vista, el tribunal dictó sentencia en rebeldía, condenando a éste a satisfacer a la demandante la suma de cinco millones de dólares ($5,000,000) y al pago de costas sin especial condena de honorarios de abogado.[1] En pago parcial de la participación de la demandante, se le adjudicó a ésta en dicha sentencia una propiedad con valor de doscientos doce mil dólares ($212,000).

A partir de mayo de 1985 se presentaron mociones y se dictaron órdenes del tribunal de instancia dirigidas a la ejecución de la sentencia de 10 de noviembre de 1982, en las cuales se señalaba al final de las mismas que se notificaba al

---

[1] Esta sentencia se dictó a tenor con unas amplias y detalladas determinaciones de hechos y conclusiones de derecho formuladas por el mismo magistrado que dictó la orden aquí recurrida.

"Sr. Alfred Nasrallah, a su dirección en: 2782 Park Street en Jacksonville, Florida, 23305".

El 26 de septiembre de 1985, la parte demandada presentó una moción de relevo de sentencia (Regla 49.2 de Procedimiento Civil), en que alegaba que la sentencia de 10 de noviembre de 1982 era nula por no haber adquirido jurisdicción el tribunal de instancia, ya que no se emplazó "al lugar de su última residencia conocida" a tenor con la Regla 4.5 de Procedimiento Civil. Señala el demandado que su dirección residencial es 2782 Park Street en Jacksonville.

El 13 de diciembre de 1985 se celebró la vista señalada para discutir en la referida moción sobre nulidad de sentencia. La parte demandante manifestó que su posición se explicaba en su moción. El tribunal concedió a la demandante cinco días para exponer su posición por escrito y dispuso que resolvería la moción luego de las partes radicar sus respectivos escritos. (²)

El 16 de enero de 1986 el tribunal de instancia emitió una resolución donde señala lo siguiente:

> Examinados los autos y los escritos radicados por las partes junto con la prueba documental en apoyo de la moción ·de relevo de sentencia radicada por la demandada, conclu[i]mos que este Tribunal nunca adquirió jurisdicción sobre el ·demandado, por lo que se declara nula e inválida la sentencia ·dictada en rebeldía el 10 de noviembre de 1982. (³)

---

(²)En la minuta de dicha vista se identifican erróneamente a las partes. Donde dice demandante debe leer demandado y viceversa.

(³)La decisión recurrida es tan escueta que resulta sumamente difícil determinar cuál fue el razonamiento del magistrado y los fundamentos en que se apoyó. En casos como este los magistrados deben esforzarse para que las partes y este Tribunal estén en condiciones de emitir juicio sobre la corrección de su determinación. Es claro que limitarse a exponer una conclusión final —"nunca adquirió jurisdicción"— va en contra de los principios establecidos en nuestro sistema procesal. Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5.

Recurre mediante petición de *certiorari* la parte demandante señalando que erró el tribunal de instancia al declararse sin jurisdicción, ya que la dirección a la cual se le emplazó fue el lugar de la última residencia conocida. Alega que fue el recurrido quien produjo la dirección de Miami y que ahora no puede ir en contra de sus propios actos. Alega también la peticionaria que toda esta situación es resultado de la perenne actitud del demandado de estar escondiéndose y por lo tanto, " 'quien ha dado lugar a la situación engañosa . . . no puede hacer que su derecho prevalezca por encima del derecho de quien ha depositado su confianza en aquella apariencia' ". (Citando a J. Puig Brutau, *Estudios de Derecho Comparado*, Barcelona, Eds. Ariel, 1951, pág. 103.)

Examinada la petición y su apéndice concedimos término al demandado-recurrido para mostrar causa por la cual no debía revocarse la resolución del tribunal de instancia.

El recurrido ha comparecido. Sostiene que la demandante tenía conocimiento de la residencia del demandado en Jacksonville en todo momento, hecho que se demuestra cuando inició procedimientos para ejecutar la sentencia, año y medio más tarde, los cuales notificó a su residencia en Jacksonville. Respecto a la dirección de "2482 S.W. 17th Ave., Miami", el recurrido señala que pertenece a una tintorería (*laundry*) de unos amigos, la cual él utiliza como dirección de devolución porque es un comerciante que viaja mucho. En una declaración jurada efectuada el 19 de septiembre de 1985 el recurrido señaló que:

> That if any person or party stated that my address was #2482 S.W. 17th Ave., Miami, Florida, such information is wrong, false and/or fraudulent. To the best of my knowledge and belief said address pertains to a laundry and is not and has never been my address, particularly for the year 1982 when the alleged case occurred.

Estamos en posición de resolver según lo intimado. Nuestra Regla 4.5 de Procedimiento Civil dispone como sigue:

*4.5  Emplazamiento por edictos y su publicación*

Cuando la persona a ser emplazada estuviera fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada . . . y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación diaria general en la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto, se le dirija al demandado, por correo certificado con acuse de recibo una copia del emplazamiento y de la demanda presentada, al lugar de su última residencia conocida, a no ser que se justifique por declaración jurada que a pesar de los esfuerzos realizados, con expresión de éstos, no ha sido posible localizar residencia alguna conocida del demandado, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. 32 L.P.R.A. Ap. III, R. 4.5.

■ Hemos exigido un cumplimiento estricto cuando se trata de los requisitos para el emplazamiento. *Banco Metropolitano* v. *Berríos*, 110 D.P.R. 721 (1981); *Planas* v. *Chambers*, 59 D.P.R. 494 (1941); *Rivera* v. *Rivera*, 31 D.P.R. 449 (1923); *Quintana et al.* v. *Aponte, Juez, y Centeno*, 26 D.P.R. 196 (1918); *Delgado* v. *El Registrador de Humacao*, 25 D.P.R. 486 (1917). La importancia de tan estricto cumplimiento es que la Regla 4 de emplazamiento persigue que se notifique al demandado que se instó una acción judicial en su contra, de manera que se le dé una oportunidad de ser oído y defenderse.

En 4 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 1083, pág. 335 (1969), señala que:

> . . . Rule 4, which with few exceptions deals only with service of process . . . . ([4])
>
> . . ·. service of process is merely the means by which the court, having a sufficient basis for jurisdiction and venue, asserts them over the party and affords him due notice of the commencement of the action.

■ Luego de atender los objetivos que persigue el emplazamiento debe señalarse que de no cumplirse estrictamente con los requisitos del mismo, el tribunal no adquiere jurisdicción.

> . . . a failure to provide defendant with proper notice and an opportunity to be heard will subject a judgment to collateral attack. The decisions of the Supreme Court make it clear that the requirement of reasonable notice must be regarded as part of the due process limitations on the jurisdiction of a court. (Escolios omitidos.) *Wright & Miller*, supra, Sec. 1074, págs. 292–293.

■ En cuanto a la manera de emplazar, es indiscutible que el emplazamiento diligenciado personalmente es el más apropiado. No obstante, se pueden utilizar otros medios para diligenciar el emplazamiento sin violar las limitaciones del debido procedimiento de ley. ([5])

En el caso *Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306, 94 L. Ed. 865 (1950), el tribunal señala que aunque la notificación personal dentro de la jurisdicción es la forma clásica de emplazar, hay veces que no es posible o no es práctica ésta. Resulta entonces que el diligenciamiento constructivo es la única forma viable, como lo es también aquélla por

---

([4]) 4 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 1083, págs. 335, 336 (1969). La Regla 4 federal trata el tema de emplazamientos.

([5]) *Wright & Miller*, supra, Sec. 1074, pág. 294.

"Various other means of service also may be employed without any concern about transgressing due process limitations."

edicto. El tribunal procede entonces a establecer un requisito para el cumplimiento del debido procedimiento de ley cuando se intenta emplazar:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties* of the pendency of the action and afford them an opportunity to present their objections. (Énfasis suplido.) *Mullane* v. *Central Hanover Tr. Co.,* supra, pág. 314.

Posteriormente se decidió *Mennonite Board of Missions* v. *Adams,* 462 U.S. 791, 77 L. Ed. 180 (1983), el cual reiteró el anterior requisito de *Mullane* v. *Central Hanover Tr. Co.,* supra, y añadió lo siguiente:

> When the mortgagee is identified in a mortgage that is publicly recorded, *constructive notice* by publication *must be supplemented* by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane.* (Énfasis nuestro.) *Mennonite Board of Missions* v. *Adams,* supra, pág. 798.

■ Debemos adentrarnos en el requisito de "lugar de su última residencia conocida", Regla 4 de Procedimiento Civil, para lo cual podemos referirnos a la jurisprudencia interpretativa de los estados que contienen este requisito en sus Reglas de Procedimiento Civil. ([6])

---

([6]) Nuestra Regla 4.5 proviene del Art. 95 del Código de Enjuiciamiento Civil de 1904, que a su vez proviene del Art. 413 del Código de Enjuiciamiento Civil de California y del Art. 3196 del Código de Enjuiciamiento Civil de Idaho. Refiérase al historial, 32 L.P.R.A. sec. 459 (derogada).

Las reglas federales no hacen referencia a este concepto de *last known address.* En lo pertinente señalan en la Regla 4:

"4(e) *Summons: Service Upon Party Not Inhabitant of or Found Within State.* Whenever a statute of the United States or an order of court

En *Graham* v. *Sawaya*, 632 P.2d 851 (Utah 1981), se discutió la siguiente controversia: ¿Podía un tribunal sentenciar en rebeldía, en una acción *in personam*, cuando sólo se diligenció el emplazamiento por edicto y se envió notificación al lugar de la última residencia conocida del demandado, de quien se desconoce su actual residencia, y quien no se encontró después de que se efectuaran las debidas diligencias? Ese tribunal, citando a *Mullane* v. *Central Hanover Tr. Co.*, supra, resuelve que no es válida la sentencia dictada en esa situación y señala:

> . . . In this important matter, the United States and Utah Constitutions therefore require reasonable assurance of actual notice . . . , not just a showing that the means of notice employed was the best available in the circumstance. Notice by publication, even when accompanied by mailing to the "last known address" of the defendant, does not measure up. *Graham* v. *Sawaya,* supra, pág. 854.

Debe puntualizarse que el criterio que se utilizó en *Mullane* v. *Central Hanover Tr. Co.*, supra, pág. 314, fue el de "reasonably calculated, under all the circumstances", el cual es muy diferente al de "reasonable assurance of actual notice" utilizado en la decisión anterior.

Una decisión enteramente contraria a *Graham* v. *Sawaya*, supra, se decretó en *Evans* v. *Galloway*, 701 P.2d 659 (Idaho 1985). Galloway se encontraba recluido en la prisión de Mon-

---

thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provisions therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule."

tana cuando se le demandó en un estado donde éste residió, Idaho. Cuando se le fue a emplazar a la prisión de Montana, Galloway se había escapado. Los demandantes optaron por emplazarlo por edicto enviando copia del edicto, así como copia de la demanda al lugar de su última residencia conocida en Idaho. El tribunal de Idaho reconoció que los tribunales estatales de Estados Unidos están divididos en cuanto a cómo deben resolver este tipo de situación, (7) y señaló lo siguiente:

> . . . Under these circumstances, we are inclined to follow those courts which have held that, for persons engaged in actionable conduct who subsequently *move leaving no forwarding address by which their whereabouts may be determined,* service of summons by publication in a newspaper of general circulation in the area, and a mailing of copies of the summons and complaint to that party's *last known address is reasonably calculated under all the circumstances* to apprise that party of the pendency of an action. (Citas omitidas y énfasis nuestro.) *Evans* v. *Galloway,* supra, pág. 661.

Adoptamos esta última norma como la más adecuada, ya que la misma protege los derechos de ambas partes y resulta la más fácil y conveniente de implantar.

En el caso de autos la demandante efectuó las debidas diligencias para tratar de conseguir la dirección del lugar de la última residencia conocida. Tomando en consideración las circunstancias, la dirección que la demandante consiguió ("2482 S.W. 17th Ave., Miami") en el remitente de una carta del demandado *(forwarding address)* pudo correctamente utilizarse porque ésta cumple con el requisito de estar razonablemente calculada, dentro de todas las circunstancias concurrentes, a darle aviso a la parte contraria.

---

(7)*Evans* v. *Galloway,* 701 P.2d 659, 661 (Idaho 1985): "We acknowledge that there is substantial and persuasive authority to the contrary, *see, e.g. Graham* v. *Sawaya,* . . . which we have chosen not to follow under the circumstances of this case." (Citas omitidas.)

Algunas cortes estatales y federales han establecido el requisito de que las gestiones que se lleven a cabo para localizar al demandado que se intenta emplazar deben efectuarse de buena fe. ([8]) En *Emery* v. *Emery*, 369 N.W.2d 728, 732–733 (Wis. 1985), el cual contiene unos hechos muy similares al caso de autos, el tribunal de Wisconsin impuso al demandado, que solicitaba relevo de una sentencia en rebeldía, el peso de la prueba para que demostrara que no se efectuaron las debidas diligencias para emplazarlo.

The circuit court in the instant case properly placed the burden upon Mr. Emery, who sought to vacate the judgment, to produce credible evidence to show that Ms. Emery did not exercise reasonable diligence in her attempt to personally serve him. *Emery* v. *Emery,* supra, págs. 732–733.

■ En el caso de autos el demandado basa su solicitud de relevo de sentencia primordialmente en el hecho de que a éste se le enviaron unas mociones y órdenes para la ejecución de la sentencia a su residencia en Jacksonville, Florida, y no a la dirección de Miami, Florida, donde fue emplazado. Debido a ese hecho el demandado alega que se demostró que los demandantes conocían la dirección de Jacksonville. No tiene razón. Al momento de dictarse la orden que autorizaba el emplazamiento por edicto no se conocía la dirección de Jacksonville. Después de todas las diligencias efectuadas por la parte demandante para adquirir la dirección del demandado y las demás circunstancias que reflejan la buena fe de la demandante, no procede anular el emplazamiento y la sentencia a base de unos hechos que tuvieron lugar año y medio después de recaída la sentencia.

---

([8])*Kittannning Coal Co.* v. *International Mining Co.*, 551 F. Supp. 834, 840 (Pa. 1982): "Plaintiffs have made the prerequisite good faith effort to provide . . . with service of process." *Giacobbi* v. *Hall,* 707 P.2d 404, 408 (Idaho 1985): "it is an inquiry made with good faith".

Por los fundamentos expuestos, *se expide el auto y se dictará sentencia que revoque la resolución del 16 de enero de 1986 y declare sin lugar la moción sobre relevo de sentencia.*

La Juez Asociada Señora Naveira de Rodón se inhibió.