Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Hechos
El 17 de septiembre de 1997 los demandantes-recurrridos radicaron demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria contra los esposos Meaux-Rivera. El 24 de noviembre de 1997 la parte demandante presentó ante el ilustrado foro de instancia moción solicitando emplazamiento por medio de edictos, acompañada con declaración jurada suscrita por el emplazador Héctor L. Serpa. De tal forma los demandantes alegaron que la parte demandada no pudo ser localizada en el lugar del inmueble y negocio hipotecado por no encontrarse allí o por que se estaba ocultando para evitar ser emplazada. En tal declaración jurada, el emplazador Sr. Serpa, se refirió a las diligencias que efectuó para emplazar personalmente a los demandados en forma parca y conclusoria. En la parte pertinente, Su declaración jurada consigna en autos lo siguiente:

"3- Que en la fecha antes dicha, acudí al lugar indicado en el emplazamiento a los fines de diligenciar el mismo.

4- Que en dicho lugar se encuentra el Motel Las Palmas.

5- Que en dicha dirección fui informado por el Sr. Nelson de la Cruz, quien es administrador del 
*667
Motel Las Palmas, que dichas personas son los dueños del lugar, pero no se encontraban allí y se negó a indicarme la dirección de éstos.

6- Que regresé al lugar el día 14 y 30 de octubre y nuevamente fue informado por el Sr. de la Cruz que los demandados no se encontraban en el lugar, que rara vez iban ahí y que desconocía su dirección.

7- Que el 30 de octubre de 1997, fui a la Alcaldía de Río Grande y se me informó que no tenían información de dichos demandados y que desconocían su paradero.

8- Que en igual fecha, me personé al Cuartel de la Policía de Río Grande y el retén me informó no tener conocimiento alguno o informe de dichos demandados, indicándome que desconocía el paradero de dichas personas.

9-Que acudí a la Estación de Correos General de Río Grande y me informaron que no tenían conocimiento alguno de la dirección o identidad de los demandados mencionados."

Aparte de esta declaración jurada, prestada por el emplazador, la demanda no fue jurada y no surge de autos que de otro modo el demandante hubiere dado cumplimiento a la Regla 4.5 de Procedimiento civil, 32 L.P.R.A. Ap. IE, que requiere expresar bajo juramento "que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito”.
El Tribunal de Instancia declaró Ha Lugar lo solicitado, mediante Orden notificada el 23 de diciembre de 1997. El edicto de emplazamiento fue publicado el 18 de enero de 1998 en El Nuevo Día y el 24 de enero de 1998 los co-demandados recibieron el emplazamiento por correo certificado en el apartado postal 1180 de la estación de correos de Río Grande, Puerto Rico, a donde fue dirigido.
El 3 de abril de 1998 la parte demandada-recurrente compareció de "...forma sui generis, sin someterse a la jurisdicción,..." y solicitó la desestimación de la causa de acción bajo el fundamento de falta de jurisdicción in personam, por deficiencias en el diligenciamiento del emplazamiento. El Tribunal de Instancia declaró No Ha Lugar la Moción de Desestimación y ordenó a la parte demandada contestar la demanda en un término de veinte (20) días. No conformes los demandados recurren en el certiorari del epígrafe y señalan la comisión del siguiente error:

“Erró el Tribunal de Primera Instancia al determinar que los emplazamientos por edictos son validos, a pesar de que hubo mala fe e insuficiencia en el diligenciamiento."

El 10 de julio de 1998 expedimos la siguiente Resolución,

"Muestre causa la parte demandante en quince (15) días a partir de la notificación de la presente, por la cual no debamos expedir con el propósito de dejar sin efecto la orden del 16 de diciembre de 1997 del hermano foro de instancia, en tanto y en cuanto autorizó el emplazamiento sustituto (por edictos) de la Regla 4.5 de Procedimiento Civil, vigente (32 L:P.R.A. Ap. Ill) ante una mostración de diligencias deficiente y demás incumplimiento con el postulado de la Regla 4.5, supra."

La parte recurrida ha comparecido. Expedimos el auto de certiorari solicitado para resolver conforme a lo intimado.
Exposición y Análisis
En síntesis, la parte demandada alega que en el caso de autos la parte demandante no observó el procedimiento establecido por la Regla 4.5 de las de procedimiento Civil, 32 L.P.R.A. Ap. Ill, y su jurisprudencia interpretativa, para la expedición de un emplazamiento por edicto. La Regla 4.5 de Procedimiento Civil, en su inciso (a) dispone lo siguiente:
“(a) Cuando la persona a ser emplazada estuviere fuera de Puerto Rico, o estando en Puerto Rico no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser *668 emplazada, o si fuere una corporación extranjera sin agente residente, y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden disponiendo que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación diaria general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija al demandado una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última residencia conocida, a no ser que se justifique por declaración jurada que a pesar de los esfuerzos realizados, con expresión de éstos, no ha sido posible localizar residencia alguna conocida del demandado, en cuyo caso el tribunal excusará el cumplimiento de esta disposición."

En primer lugar, los demandados-recurrentes señalan que el emplazador acudió al Motel Las Palmas localizado en el Municipio de Río Grande a diligenciar el emplazamiento, pero no encontró a los demandados. Así que regresó en varias ocasiones, con el mismo resultado. Los demandados no estaban allí presentes y el administrador del lugar no ofreció información alguna sobre el paradero de los demandados. A tal respecto, en First Bank of Puerto Rico v. Inmobiliaria Nacional, Inc. et ais., 98 JTS 18, pág. 600, Opinión del 2 de marzo de 1998, se ha dicho:
“...en forma alguna viene obligado un demandado a cooperar con el demandante en la realización por éste del diligenciamiento del emplazamiento...Los demandados tienen un derecho a ser emplazados conforme a derecho y existe en nuestro ordenamiento jurídico una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley. Esta política pública pone todas las exigencias y requisitos sobre los hombros del demandante, no sobre los del demandado."
Por lo tanto, el administrador, empleado o dueño del Motel Las Palmas no estaba obligado a informarle al emplazador respecto a la dirección residencial de los demandados. Así como tampoco los demandados tenían la obligación de comunicarse con el emplazador.
La parte demandante, conforme a los planteamientos de los recurrentes, pudo haber citado a este empleado de los demandados para que se le depusiera con relación a la dirección residencial de los sujetos a emplazar.
Por otro lado, los demandados señalan que la declaración jurada del Sr. Héctor L. Serpa, unida a la solicitud de emplazamientos por edictos, no expresa quienes fueron las personas interrogadas sobre la residencia de los demandados en las gestiones que alegadamente se realizaron en la Alcaldía de Río Grande, el Cuartel de la Policía y la Estación de Correos General. Es decir, la parte demandante sólo enumeró los lugares donde tradicionalmente se ha buscado información y al sólo proveer generalidades privó al tribunal de datos de hechos importantes y pertinentes para que el foro pudiese ejercer la discreción que la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III y la jurisprudencia le requiere.
La parte demandada citó las expresiones que sobre este tema se efectuaron en el caso de Lanzó Llanos, 133 D.P.R. _ (1993), 93 J.T.S. 86:
“...ni puede permitirse que se conviertan en fundamento para la recitación automática de alegaciones evidentemente estereotipadas con el fin de obtener, sin más, la autorización para emplazar por edictos, con total abstracción de las particulares circunstancias del caso de que se trate." pág. 10773.
*669 La normativa jurisprudencial, en tal sentido, exige y requiere que la naturaleza y tipo de las diligencias que deben realizarse y acreditarse por el emplazador en la declaración jurada que se acompaña a la solicitud para que se expida el emplazamiento por edictos, deberán exponer datos suficientes (no conclusiones) para que el Tribunal pueda examinar y resolver, en función de hechos, si a la luz de las circunstancias del caso las diligencias practicadas con el fin de notificar personalmente al demandado agotaron toda posibilidad razonable disponible al demandante para poder localizar a la parte demandada y entregarle el emplazamiento en forma personal.
A este respecto se suscita controversia en autos respecto a que solo la co-demandada, Sra. Rivera Rodríguez, acredita fehacientemente que es vecina del Municipio de Cayey, Puerto Rico, cuando el co-demandado, Sr. Meaux Vázquez, descansa en su comparecencia en la escritura de hipoteca, autorizada en el 1986, para tratar de acreditar que igualmente es residente del Municipio de Cayey. No obstante, no es necesario atender este extremo de la controversia, pues advertimos que la parte demandante ha incumplido con otros requisitos importantes del ordenamiento procesal que invalidan el trámite de emplazamiento sustituto.
Basta aquí señalar que el demandandante no dio cumplimiento a los requisitos preliminares de la Regla 4.5 de Procedimiento Civil, supra, que en forma mandatoria requiere del affidavit de méritos sobre las alegaciones de la demanda.
En segundo lugar, el contenido de la declaración jurada del emplazador no es suficiente para establecer ante el foro judicial que el demandante —por medio del emplazador— verificó las diligencias vigorosas y honesto esfuerzo para dar con el paradero del demandado y citarle personalmente, antes de concluir que se encuentran en Puerto Rico y evade ser emplazado. Chase v. Polanco, _ D.P.R. _ (1992), 92 J.T.S. 119, Reyes v. Oriental, _ D.P.R._(1993), 93 J.T.S. 50 y Lanzó v. Banco, 93 J.T.S. 86.
Conforme a las disposiciones de la Regla 4.5 de las Procedimiento Civil y las expresiones de nuestro Tribunal Supremo en el caso de Lanzó Llanos y First Bank, supra, se desprende claramente que el diligenciamiento personal del emplazamiento es el método más apropiado, pero no el único. Aunque la norma general requiere que el demandado deba ser emplazado personalmente; por vía de excepción puede emplazársele por edictos, cuando Concurren las circunstancias provistas en las Reglas 4.5 ó 4.7 de las de Procedimiento Civil. A tal respecto, el foro judicial siempre ha exigido el más estricto cumplimiento con los requisitos establecidos para el diligenciamiento del emplazamiento sustituto.
De existir alguna regla menos propicia a un mero cumplimiento sustancial, en nuestro ordenamiento procesal civil y por tanto incapaz de ser liberalmente auxiliada por los parámetros sanadores de la Regla 50 de Procedimiento Civil (de los errores no perjudiciales), 32 L.P.R.A. Ap. III, ella debe ser la que gobierna el emplazamiento; Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Atado el emplazamiento al mismo aspecto neurálgico de la jurisdicción del Tribunal y a la oportunidad de ser oído, es reiterada la norma jurisprudencial al efecto de exigir su estricto cumplimiento. Chase v. Polanco, 132 D.P.R. _ (1992), 92 J.T.S. 119, Reyes v. Oriental, 134 D.P.R. _ (1993), 93 J.T.S. 50, Lanzó Llanos v. Banco de La Vivienda, 134 D.P.R. _ (1993), 93 J.T.S. 86, Rodríguez v. Nasrallah, 118 D.P.R. 93, 99 (1986).
Cuando el emplazamiento se interesa efectuar por el medio sustituto de la publicación de edictos, la jurisprudencia siempre ha requerido el cumplimiento riguroso, fiel y preciso de los términos reglamentarios, antes de permitir que mediante tal presunción de ley se considere notificada la parte demandada y por tanto bajo la jurisdicción del Tribunal. De tal forma se interesa evitar que se diluya una norma procesal, que a la misma vez de ser indispensable, resulta extrema. Marrero Albino v. Vázquez Egean, 135 D.P.R. _ (1994), 94 J.T.S. 18.
Debemos dejar sin efecto el trámite de emplazamiento sustituto y ordenar al foro de instancia que reciba un nuevo proyecto de emplazamiento ordinario y lo autorice conforme lo dispone la regla, para que el demandante proceda nuevamente al trámite, conforme señalado. Solo en caso de que se cumpla cabalmente con el postulado de la Regla 4.5 de Procedimiento Civil vigente se podrá acudir al trámite *670 de emplazamiento sustituto. El término de seis (6) meses que dispone la Regía 4.3(b) para el diligenciamiento del emplazamiento, comenzará a contar nuevamente a partir de la devolución del mandato al foro de instancia, lo que procesalmente equivale a la radicación de la demanda. Monell v. Aponte, _ D.P.R._(1998). 98 J.T.S. 44.
Dictamen
Se deja sin efecto el trámite de emplazamiento sustituto (por edicto) y una vez la presente advenga final y firme se devolverá el mandato al hermano foro de instancia para ulterior trámite, conforme a lo aquí resuelto.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General