TEXTO COMPLETO DE LA RESOLUCION
Los peticionarios acuden ante este Tribunal para que revisemos una resolución emitida por el tribunal de instancia el 28 de octubre de 1997 mediante la cual denegó una moción de desestimación sumaria de la demanda sobre sentencia declaratoria y cobro de dinero que contra ellos presentó la ESJ Towers, Inc. ("corporación”), empresa que aunque incorporada en el Estado de Delaware posee un inmueble tipo CondoHotel en el Municipio de Carolina. Solicitan además que paralicemos los procedimientos ante instancia en lo que resolvemos los méritos de su recurso.
En la moción denegada, los peticionarios alegaron que el tribunal carecía de jurisdicción sobre las personas de los peticionarios ya que estos no estaban domiciliados en Puerto Rico y no habían tenido contactos mínimos con Puerto Rico.
*1068 I
El pleito dentro del cual se produce el dictamen recurrido se inició cuando la corporación presentó una demanda ante el tribunal de instancia interesando la concesión de Varios remedios: (1) una sentencia declaratoria decretando la nulidad de la conversión de cierto "debenture" o pagaré ("obligación") emitido el 17 de febrero de 1975 por la corporación por $200,00.00 más intereses a favor del Sr. Louis Puro y su esposa Gertrude Puro en 24,000.00 acciones ordinarias de la corporación que interesaban las Sras. Hilda Lederman, Emily Galin y Nancy Katz y (2) sentencia condenando a éstas como herederas del Sr. Puro y a los dos fideicomisos del epígrafe a pagarle a la corporación una deuda de $2,563,595.00 que el Sr. Puro incurrió al recibir préstamos de la corporación que alegadamente no han sido pagados.
Según los documentos sometidos con la petición, en la misma fecha en que la corporación emitió la obligación antes indicada también emitió otra por la suma de $800,000.00 a favor de los esposos Puro que no incluia la opción para convertir la obligación en acciones. En o alrededor del 11 de febrero de 1988 los esposos Puro transfirieron sus intereses en la corporación representados por estas obligaciones al Fideicomiso BCF de la Familia Louis Puro 30 de mayo de 1980 ("fideicomiso del 1980"). El 11 de octubre de 1989 el fideicomiso del 1980 y la corporación suscribieron un documento denominado Security and Pledge - Agreement mediante el cual el fideicomiso antes indicado reconoció que había recibido préstamos de la corporación en exceso de $560,000.00; que interesaba recibir préstamos adicionales por las razones indicadas en el documento, y que, entre otras cosas, garantizaba lo que recibió en préstamo con un primer gravamen a favor de la corporación sobre sus presentes y futuros intereses, derechos y títulos, incluyendo las obligaciones ("debentures") antes indicadas y otras acciones en una corporación denominada P.F.Z. Properties, Inc., una corporación organizada bajo las Leyes de Puerto Rico.
Para el mes de diciembre de 1993 el fideicomiso de 1980 representado por el Sr. Puro otorgó un pagaré a favor de la corporación por la suma de $1,749,278.00, aunque para octubre de 1993 la familia del Sr. Puro había creado un segundo fideicomiso ("fideicomiso del 1993") que, según la copia que se adjuntó a la petición, sustituía al primero y recibía los activos y fondos remanentes de éste. El 31 de octubre de 1995, el Sr. Puro falleció y, según se alega, las demandadas-recurridas Lederman, Galin y Katz se convirtieron en las síndicos del fideicomiso. Para el mes de agosto de 1996 las primeras dos solicitaron que la obligación ("debenture") de $200,000.00 se convirtiera en acciones, alegando ser la mayoría de los síndicos. Evidentemente, la corporación se opone, lo que marcó el inicio del pleito de marras.
Apreciamos de los documentos sometidos que la corporación ha demandado a ambos fideicomisos y a las síndicos del último, considerando el trasfondo fáctico antes indicado. De éste surge que las obligaciones contraídas por el Sr. Puro fueron alegadamente transferidas primeramente al fideicomiso del 1980 y luego al fideicomiso del 1993. En lo pertinente al asunto de la jurisdicción sobre las personas demandadas, notamos además que, no obstante residir en la ciudad de Nueva York, el Sr. Puro realizaba y mantenía negocios en Puerto Rico a través de los años en relación con la corporación y la P.F.Z. Properties, Inc. Ello así y ante la posición asumida por los peticionarios una vez fueron emplazados, resulta indiscutible que surgiría una controversia en cuanto a la jurisdicción in personam sobre éstos y que se tendría que determinar si el Sr. Puro realizó las gestiones y negocios en Puerto Rico a nombre y como síndico de los fideicomisos y si esas gestiones constituyeron contactos mínimos suficientes con Puerto Rico como para conferirle jurisdicción en persona sobre los fideicomisos y las Sras. Galin, Lederman y Katz.
El tribunal de instancia así lo creyó y promovido por la moción de desestimación sumaria presentada por los peticionarios, emitió el dictamen recurrido por el cual denegó la desestimación procurada.
*1069 11
En su petición ante nos los peticionarios le imputan error al tribunal de instancia al así proceder. Señalan que erró al determinar "...que tenía jurisdicción personal sobre el Fideicomiso de 1993, ante el hecho de que dicho fideicomiso no ha realizado transacciones de negocios en Puerto Rico [y]... que tenía jurisdicción personal sobre el Fideicomiso de 1980 ante el hecho de que dicho fideicomiso se extinguió según sus propias disposiciones al momento de fallecer el Sr. Louis Puro, el 31 de octubre de 1995, y era una entidad inexistente al momento de presentarse la demanda de epígrafe."
Examinada la petición, debemos denegar la expedición del auto solicitado por estimar que la determinación del foro recurrido es una sustancialmente correcta en la etapa de los procedimientos en que se emite. Veamos.
Para que el tribunal adquiera jurisdicción sobre la persona de un demandado, los requisitos del emplazamiento establecidos por la Regla 4 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, tienen que cumplirse estrictamente. Rodríguez v. Nasrallah, 118 D.P.R. 93, 98-99 (1980); Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981).
La cláusula de debido procedimiento de ley de la Constitución de Estados Unidos limita el poder del Tribunal General de Justicia de Puerto Rico y de los tribunales estatales de los Estados Unidos para asumir jurisdicción y dictar sentencias contra personas naturales o jurídicas no domiciliadas. International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); Industrial Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548, 558 (1983). En armonía con tal normativa, la Regla 4.7 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, enumera una serie de circunstancias en las que un tribunal podrá asumir jurisdicción sobre la persona de un no domiciliado: (1) si éste efectuó por sí o por su agente, transacciones de negocios dentro de Puerto Rico; o (2) si participó por sí o por su agente, en actos torticeros dentro de Puerto Rico; o (3) si estuvo envuelto en un accidente mientras, por sí o por su agente, manejaba un vehículo de motor en Puerto Rico; o (4) si estuvo envuelto en un accidente en Puerto Rico en la operación, por éste o por su agente, de un negocio de transportación de pasajeros o carga en Puerto Rico o entre Puerto Rico y Estados Unidos o entre Puerto Rico y un país extranjero o el accidente ocurriere fuera de Puerto Rico en la operación de dicho negocio cuando el contrato se hubiere otorgado en Puerto Rico; o (5) si es dueño, usa o posee, por sí o por su agente, bienes inmuebles sitos en Puerto Rico.
Por otro lado, para que un tribunal pueda asumir jurisdicción sobre una persona natural o jurídica no domiciliada, el debido procedimiento de ley exige que se cumpla con dos (2) requisitos básicos adicionales: (1) que la persona haya tenido contactos mínimos con el foro y que la causa de acción surja de o esté relacionada con estos contactos, Molina v. Supermercado Amigo, Inc., 119 D.P.R. 330 (1987); Ind. Siderúrgica v. Thyssen Steel Caribbean, supra; Medina v. Tribunal Superior, 104 D.P.R. 346 (1975); A.Z. Thomas, Co. v. Tribunal Superior, 98 D.P.R. 883 (1970); Schwartz v. Tribunal de Distrito, 73 D.P.R. 856 (1952); y (2) que el método utilizado para emplazar tenga una probabilidad razonable de notificar e informar al demandado sobre la acción entablada en su contra, de forma tal que pueda comparecer a defenderse si así lo desea. Granados v. Rodríguez Estrada II, 124 D.P.R. 593 (1989); Rodríguez v. Nasrallah, supra.
Para determinar si la parte demandada ha tenido los contactos mínimos necesarios y requeridos para conferirle jurisdicción al tribunal puertorriqueño, el foro adjudicativo debe considerar, caso a caso, si es justo y razonable someter a la parte demandada no domiciliada al poder judicial de Puerto Rico porque la parte demandada ha disfrutado de la protección de las Leyes de Puerto Rico o porque ha tenido suficientes contactos con Puerto Rico para justificar tal sumisión; y si, en el balance de conveniencias, es más justo que el pleito se ventile en Puerto Rico o en el territorio donde se han llevado a cabo ciertas actividades del *1070 demandado no domiciliado, para que de conformidad con la justicia sustancial y la razonabilidad, se deba entender que el demandado no domiciliado ha estado efectuando negocios dentro del estado. Schwartz v. Tribunal de Distrito, supra.
Ahora bien, aun cuando es aconsejable que en la demanda se alegue que se reclama a una parte que no está domiciliada en Puerto Rico y que la demanda exponga hechos suficientes de los cuales se pueda inferir razonablemente que existe jurisdicción sobre la persona del demandado, a tenor con los requisitos procesales y constitucionales antes indicados, al plantearse la defensa de falta de jurisdicción sobre la persona en la contestación a la demanda o mediante moción para desestimarla, el que alegue la jurisdicción debe probarla. Molina v. Supermercado Amigo, Inc., supra.
En esa situación, el tribunal tiene amplia discreción sobre cómo proceder. Reglas 10.2 y 10.4 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap III. Al ejercerla debe comparar, sin embargo, la necesidad de determinar (1) la suficiencia de la defensa con prontitud para evitar una costosa litigación y promover la pronta solución de la controversia, (2) la deseabilidad de que se celebre una vista evidenciaría para conocer todos los elementos necesarios para llegar a una determinación final sobre la falta de jurisdicción sobre la persona y (3) ponderar la posibilidad de posponer la adjudicación de la cuestión jurisdiccional si la controversia está entrelazada con los méritos del caso. Molina v. Supermercado Amigo Inc., supra.
Considerado ello, si el demandado decide impugnar la jurisdicción sobre su persona mediante la presentación de una moción para desestimar al amparo de la Regla 10.2 de Procedimiento Civil, supra, acompañada de documentos y declaraciones juradas, el tribunal debe analizar estos conjuntamente con las alegaciones, los documentos y las contradeclaraciones juradas que presente el demandante en su oposición y señalarla para vista preliminar evidenciaría o posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso. Molina v. Supermercado Amigo Inc., supra, pág. 338. Si el tribunal determina que se ha establecido prima facie el requisito de jurisdicción sobre la persona del demandado, la moción de desestimación se derrota.
Tal determinación, sin embargo, no releva al promovente de la acción de demostrar, mediante la preponderancia de la prueba, que dicha jurisdicción existe. El tribunal puede, motu proprio o a solicitud de parte, celebrar una vista preliminar evidenciaría sobre la controversia jurisdiccional, Regla 10.4 de las de Procedimiento Civil, supra, en cuyo caso el demandante vendrá obligado a establecer en esta temprana etapa y mediante la preponderancia de la prueba presentada que existe jurisdicción sobre la persona del no domiciliado conforme las disposiciones constitucionales de debido procedimiento de ley y la regla de largo alcance adoptada en Puerto Rico. Ello es aconsejable si la determinación jurisdiccional puede disponer de todo o parte del caso. Cf. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986).
Unicamente cuando el tribunal celebra esta vista evidenciaria preliminar es que la determinación del tribunal sobre la existencia de jurisdicción sobre la persona del demandado releva al demandante de tener que probar este hecho en el juicio en su fondo. Si por el contrario, el tribunal determina que no existe jurisdicción sobre la persona de los demandados deberá desestimar la acción.
III
En el caso que nos ocupa los demandados-peticionarios presentaron en tiempo una moción para desestimar que acompañaron con una declaración jurada de Emily Galin e Hilda Lederman, así como copias de los fideicomisos pertinentes y del testamento de Louis Puro otorgado en la Ciudad de Nueva York. La corporación presentó su moción en oposición acompañada con una contradeclaración jurada en inglés prestada por el presidente de la *1071 corporación Jack Katz y varios documentos para acreditar la existencia de jurisdicción sobre la persona. Las partes presentaron posteriormente réplicas y duplicas a ésas, incluyendo una moción de la corporación en la que sometió una versión en español de la declaración jurada prestada por Jack Katz.
Los autos ante nos revelan que el tribunal no celebró vista evidenciaría alguna y que adjudicó la controversia sumariamente. Ello así, analizadas las alegaciones, los documentos y declaraciones juradas que acompañan las mociones, debemos resolver que el foro de instancia no erró al denegar sumariamente la moción para desestimar por falta de jurisdicción sobre la persona de los peticionarios. A través de la declaración jurada y documentos que presentó, la corporación demostró prima facie la existencia de hechos que acreditan la jurisdicción sobre la persona de los peticionarios. Aunque de ordinario se requiere que el tribunal celebre una vista evidenciaría para resolver definitivamente este tipo de controversia, como el tribunal de instancia optó por resolver la moción de desestimación sumariamente, la corporación demandante sólo tenía que demostrar que contaba con prueba suficiente para establecer los requisitos necesarios para conferir jurisdicción in personam al tribunal sobre los peticionarios que les garantizara a éstos su derecho a un debido procedimiento de ley. Ind. Siderúrgica v. Thyssen Steel Caribbean, supra, pág. 556.
En este caso, la corporación presentó con su moción en oposición a la moción para desestimar copia de los documentos, correspondencia y pagaré que en vida el Sr. Puro otorgó o suscribió que demostraban las gestiones que realizó para proteger y preservar sus intereses en la corporación y sus negocios con ésta en Puerto Rico, vigentes ambos fideicomisos. Sometió además copias de ambos fideicomisos y la declaración jurada del Sr. Jack Katz, actual presidente de la corporación demandante en la que éste expuso hechos que describen la naturaleza, extensión e intensidad de las gestiones del Sr. Puro en Puerto Rico en relación con los intereses en la corporación que había transferido a los fideicomisos ahora demandados. Esta documentación es suficiente para demostrar la existencia de prueba en apoyo de las alegaciones jurisdiccionales sobre los contactos de los fideicomisos con Puerto Rico a través del Sr. Puro actuando como síndico de éstos en las distintas etapas de sus existencias, ahora representados por las Sras. Galin y Lederman, las alegadas y actuales síndicos de esos fideicomisos.
Es incuestionable que mediante las alegaciones en la demanda, la declaración jurada del Sr. Katz y los documentos sometidos en apoyo a sus mociones, la corporación recurrente estableció un caso prima facie de jurisdicción sobre los peticionarios. De toda esa prueba documental el tribunal de instancia podía inferir que los fideicomisos demandados y en la medida en que las Sras. Galin y Lederman sean síndicos de éstas, realizaron negocios en Puerto Rico. Para fines del debido procedimiento de ley, podía también inferir que a los fideicomisos les era predecible saber que el cumplimiento de las obligaciones y derechos que representaban los "debentures" y el pagaré firmado por el Sr. Puro como síndico podían ser exigidos en este foro. Todo ello derrota preliminarmente la moción de los peticionarios para desestimar sumariamente la demanda en la etapa de los procedimientos en que se produjo la solicitud. Ind. Siderúrgica v. Thyssen Steel Caribbean, supra, págs. 558-566.
Claro debe quedar que de conformidad con lo resuelto en el antes citado caso, el dictamen recurrido en torno a la jurisdicción sobre la persona de los peticionarios no es final, pero ello no justifica que expidamos el auto solicitado. Al tenor de lo resuelto en Ind. Siderúrgica v. Thyssen Steel Caribbean, supra, solamente resta que, ya sea en una vista evidenciaría preliminar que se celebre sobre la cuestión jurisdiccional o en el juicio en su fondo, según discrecionalmente determine,'el tribunal de instancia debe determinar finalmente y mediante la preponderancia de la prueba que existen los elementos constitutivos de jurisdicción sobre la persona de los peticionarios. Del resultado de ello, dependerá el curso procesal que tome la acción instada.
*1072 Por todo lo anterior, se deniega tanto la expedición del auto solicitado como la moción en auxilio de jurisdicción.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General