ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ROBERTO LÓPEZ RAMOS RECURRENTE v. MOISES RIVERA GARCIA Y OTROS RECURRIDA | TA2026CE00224 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla Caso Núm.: AG2025CV01448 Sobre: Cancelación parcial de título inscrito contradictorio y nueva inscripción |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de marzo de 2026.

Comparece Roberto López Ramos (en adelante, señor López Ramos o peticionario) mediante recurso de *certiorari* presentado el 21 de febrero de 2026, nos solicita que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla (TPI o foro primario) el 2 de febrero de 2026. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" el emplazamiento diligenciado a través de un apoderado.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

**I.**

El 19 de agosto de 2025, el peticionario presentó una *Demanda* en contra de la parte recurrida del epígrafe, sobre cancelación parcial de un título inscrito y nueva inscripción.[1] En particular, este presentó los emplazamientos para los siguientes codemandados: Mariangelys Valentín

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

Cabán y Moisés Rivera García —fueron expedidos a ser emplazados por conducto de su representante Miguel Antonio Rivera Soto—, Adelaida Rosado Mercado y la Sociedad Legal De Gananciales, Nélida Cepeda Mercado, Sol María Cepeda Mercado, Irma Mercado Rosado, Emiliano Cepeda Mercado, Daisy Mercado Rosado, José Antonio Vélez Martínez y la Sociedad Legal De Gananciales, José Luis Mercado Rosado, Mérida Morales Garcia T/C/P Mérida Morales Ruiz, Víctor Manuel Mercado Rosado, Osvaldo Concepción Valle y la Sociedad Legal De Gananciales, Moisés Rivera Garcia representado por Miguel Antonio Rivera Soto; Mariangelys Valentín Cabán representado por Miguel Antonio Rivera Soto, fueron notificados personalmente entre el 13 y el 17 de septiembre de 2025.[2]

Los codemandados restantes, Juan Antonio Mercado Rosado, Aurelio Mercado Rosado, Carmelo Mercado Rosado, John Doe, Richard Roe y las Personas Ignoradas que puedan ser perjudicadas por esta acción, fueron notificados mediante edicto publicado en el periódico "El Vocero" el día 21 de octubre de 2025.

Luego de varios trámites procesales, el 2 de febrero de 2026, el TPI dictó una *Resolución* en la cual resolvió tener jurisdicción sobre todos los codemandados, excepto sobre Mariangelys Valentín Cabán y Moisés Rivera García porque no fueron emplazados personalmente conforme establece la Regla 4.4 de Procedimiento Civil; así como no tener jurisdicción de Emiliano Cepeda Mercado, Irma Mercado Rosado y de Sol María Cepeda Mercado porque los emplazamientos no fueron juramentados.[3]

Inconforme, el señor López Ramos presentó una *Moción Solicitando Se Considere Que Tribunal Tiene Jurisdicción Sobre Todas Las Partes Notificadas*.[4] En esencia, indicó que los codemandados Mariangelys Valentín Cabán y Moisés Rivera García, otorgaron un poder a su apoderado Miguel

---

[2] Entrada #2 y #4 de SUMAC TPI.
[3] Entrada #45 de SUMAC TPI.
[4] Entrada #48 de SUMAC TPI.

Antonio Rivera Soto, mediante la Escritura de Protocolización de Poder, Escritura número 95 del 16 de septiembre de 2019, otorgada en la ciudad de Aguadilla ante el notario Pedro García Mejías.[5] El peticionario explicó que, el referido poder estaba vigente al momento del emplazamiento, según surge de la Certificación del Registro de Poderes fechada 10 de febrero de 2026.[6] En lo pertinente, este expresó que el poder otorgado por Mariangelys Valentín Cabán y Moisés Rivera García a favor de su apoderado Miguel Antonio Rivera Soto, lee de la siguiente forma:

> ---I: Para representar a la parte mandante **ante todos los tribunales del Estado Libre Asociado de Puerto Rico**, y de los Estados Unidos de América y sus agencias, dependencias e instrumentalidades, al cual efecto podrá radicar todas clase de acciones judiciales y administrativas, tramitarlas hasta la sentencia o resolución final, o desistir, o transigir estas. (Énfasis suplido).[7]

Por tanto, sostuvo que los codemandados Mariangelys Valentín Cabán y Moisés Rivera García fueron emplazados el día 17 de septiembre de 2025 por conducto de su apoderado Miguel Antonio Rivera Soto.

No obstante, el 17 de febrero de 2026, el TPI mediante *Resolución* reafirmó su decisión y explicó lo siguiente:

> En cuanto al emplazamiento diligenciado a través de apoderado, No Ha Lugar. El Tribunal está claro lo que expresa el poder, sin embargo, este es un poder general y aun cuando autoriza representar a los poderdantes en asuntos ante los Tribunales, no hay especificidad en cuan[t]o a la autorización para emplazar a estos a través de apoderado. La regla 4.4 establece que el emplazamiento tiene que realizarse personalmente, y establece las excepciones, cuando no se puede diligenciar de manera personal, y como se diligenciará el mismo.[8]

Inconforme con el proceder del foro primario, el 21 de febrero de 2026, el peticionario acudió ante este Tribunal mediante recurso de *certiorari* y señala los siguientes errores:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al declarar nulo el emplazamiento diligenciado al apoderado del demandado, cuando dicho apoderado contaba con autorización

---

[5] Íd.
[6] Íd., Anejo "Certificación de Registro de Poderes del Tribunal Supremo", pág. 6 de SUMAC TPI.
[7] Íd.
[8] Entrada #51 de SUMAC TPI.

expresa para representar a los demandados ante los Tribunales de Puerto Rico a tenor con el poder notarial otorgado, cumpliendo así con todos los requisitos de la Regla 4.4 de las Reglas de Procedimiento Civil.

SEGUNDO ERROR: Erró el foro primario al interpretar restrictivamente el mandato dado al apoderado "Para representar a la parte mandante ante todos los tribunales del Estado Libre Asociado de Puerto Rico", ignorando que la autorización expresa consta en instrumento notarial debidamente otorgado y vigente al momento del diligenciamiento.

## II.

### A. Certiorari

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes

interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari.* En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### B. Emplazamiento Personal

El emplazamiento es el medio procesal mediante el cual se le notifica a la parte demandada sobre la presentación de una reclamación instada en su contra. *Rivera Marrero* v. *Santiago Martínez,* 203 DPR 462, 480 (2019); *Rivera* v. *Jaume,* 157 DPR 562, 575 (2002). Dicha notificación es esencial para que el tribunal pueda adquirir jurisdicción sobre la persona demandada, quedando esta, sujeta al dictamen que en su día recaiga. *Rivera Marrero v. Santiago Martínez, supra*; *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Márquez v. Barreto*, 143 DPR 137, 142 (1997). De modo que, no es hasta que se diligencia el emplazamiento y se adquiere

jurisdicción que la persona puede ser considerada propiamente parte. *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015). La falta del emplazamiento adecuado produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 468 (2017); *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 512 (1993).

Así pues, en nuestro ordenamiento jurídico existe una política pública que exige el emplazamiento y la notificación adecuada de la parte demandada, con el propósito de prevenir el fraude y asegurar el cumplimiento con el debido proceso de ley. *Rivera Marrero v. Santiago Martínez, supra*; *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998). Reiteradamente nuestro más alto foro local ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véase: *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374–375 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, supra; *Rodríguez v. Nasrallah*, 118 DPR 93 (1986). Recordemos que las normas sobre el emplazamiento son de carácter impositivo, de las cuales no se puede dispensar. "La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". *Torres Zayas v. Montano Gómez et als., supra,* pág. 468 (citando a: R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257).

En lo concerniente a la controversia que nos ocupa, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V., regula el emplazamiento personal. Dicha regla dispone lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega

y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:

(a) A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado o una agente autorizada por ella o designada por ley para recibir un emplazamiento. Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V.

### C. Escritura de Poder

El Artículo 326 del Código Civil, 31 LPRA sec. 6281, define al Poder como "la facultad por la que una persona legitimada para otorgar un determinado negocio jurídico autoriza a otra para que actúe en su nombre, y le imputa al poderdante los efectos jurídicos del negocio jurídico que realice". Ahora bien, el poder puede ser general como especial. El poder general comprende toda una categoría de negocios del poderdante; mientras que el poder especial abarca uno o varios negocios determinados. Artículo 331 del Código Civil, 31 LPRA sec. 6286.

Pese a que, el poder no requiere forma especial alguna, el otorgado debe constar en un instrumento público para realizar un acto que deba extenderse en instrumento público. Artículo 329 del Código Civil, 31 LPRA sec. 6284. El mismo artículo dispone que debe constar en documento auténtico: "(a) los poderes para comparecer ante los tribunales, salvo los que se otorguen en favor de abogados autorizados a ejercer la profesión; (b) los poderes para administrar bienes; y (c) todos aquellos que afecten los derechos de un tercero". Íd.

### III.

En esencia, el señor López Ramos alega que el foro primario incidió al declarar nulo el emplazamiento diligenciado al apoderado, cuando este contaba con autorización expresa para representar a los demandados ante los Tribunales de Puerto Rico, mediante un instrumento notarial debidamente otorgado y vigente al momento del diligenciamiento.

A la luz de la normativa antes expuesta, no procede la intervención de este Tribunal mediante el recurso de *certiorari* solicitado.

En este caso, el TPI concluyó que el poder otorgado a favor del señor Miguel Antonio Rivera Soto era de carácter general y no contenía una autorización específica para recibir emplazamientos en nombre de los poderdantes. Por ello, determinó que el diligenciamiento del emplazamiento a través del apoderado no cumplía con el requisito de emplazamiento personal establecido en la Regla 4.4 de Procedimiento Civil, *supra*.

Evaluado el expediente y los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no surge que el foro primario haya incurrido en prejuicio, parcialidad, abuso de discreción o error manifiesto de derecho al así resolver. En consecuencia, no se justifica nuestra intervención en esta etapa del procedimiento.

Por tanto, denegamos la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** expedir el auto de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones