Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOHANNA CONTRERAS VELÁZQUEZ<br><br>Apelante<br><br>v.<br><br>SGTO. ÁNGEL REYES AGOSTO, y JEAN DOE, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos<br><br>Apelados | TA2026AP00161 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: CG2012CV00580 (802)<br><br>Sobre: Daños y Perjuicios (Acoso Sexual Laboral), Represalias en el empleo |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de marzo de 2026.

Comparece ante este tribunal apelativo, la Sra. Johana Contreras Velázquez (señora Contreras Velázquez o apelante) mediante el recurso de *Apelación* de epígrafe solicitándonos que revisemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 12 de noviembre de 2025, notificada al día siguiente. Mediante este dictamen, el foro primario desestimó la causa de acción contra la Sra. Iris Vázquez González (señora Vázquez González) y la Sociedad Legal de Gananciales compuesta por esta y el Sr. Ángel Reyes Agosto (señor Reyes Agosto o apelado).

Por los fundamentos que expondremos a continuación, se modifica la *Sentencia Parcial* apelada y; así modificada, se confirma.

I.

El 9 de marzo de 2021, la señora Contreras Velázquez incoó una demanda de daños y perjuicios por acoso laboral contra el señor Reyes Agosto y, por desconocerse el nombre de la esposa del apelado, se incluyó inicialmente a Jane Doe y a la Sociedad de Bienes Gananciales compuesta por ambos.[1] El 10 de marzo de 2021, se expidió un emplazamiento únicamente contra el señor Reyes Agosto.[2]

Luego de varios incidentes procesales, innecesarios pormenorizar, el 17 de octubre de 2022, la apelante presentó una *Moción Solicitando Enmendar Demanda al Amparo de la Regla 13.1 de las de Procedimiento Civil.*[3] Mediante dicho escrito, arguyó haber advenido en conocimiento de que el señor Reyes Agosto estaba casado con la señora Vázquez González. De manera que, le solicitó al tribunal que le permitiera enmendar las alegaciones para incluir a la señora Vázquez González como codemandada, por sí y en representación de la Sociedad de Gananciales compuesta por ella y el señor Reyes Agosto.

El 26 de noviembre de 2022, el TPI autorizó la enmienda solicitada y, el 7 de diciembre posterior, emitió una *Orden* para la expedición del debido emplazamiento.[4] Ese mismo día, **7 de diciembre de 2022**, la Secretaría expidió el emplazamiento contra la señora Vázquez González y la Sociedad Legal de Gananciales.[5]

El 7 de febrero de 2023, la señora Contreras Velázquez presentó un escrito intitulado *Moción Solicitando Permiso para Emplazar por Edicto en cuanto al Demandado Iris Vázquez González.*[6] Mediante el referido escrito, arguyó que el emplazador Inocencio Román Córdova, realizó varias gestiones para emplazar

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 2.
[3] SUMAC TPI, Entrada núm. 56.
[4] SUMAC TPI, Entradas números 61 y 64.
[5] SUMAC TPI, Entrada núm. 65.
[6] SUMAC TPI, Entrada núm. 66.

personalmente a la señora Vázquez González sin éxito alguno. Añadió que, dentro de las gestiones realizadas para conseguir emplazarle, se encuentra la visita de Román Córdova en varias ocasiones a la última dirección conocida, personarse al cuartel más cercano de la policía y a la estación de bomberos, sin lograr emplazarla. Adjuntó a su moción la declaración jurada realizada por el emplazador.[7] Por tanto, solicitó al foro primario emplazar por edicto a la señora Vázquez González, al amparo de la Regla 4.6 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6.

En la declaración jurada del señor Román Córdova, incluida en la moción solicitando el emplazamiento por edicto, se estableció lo siguiente:

> Yo, Inocencio Román Córdova, mayor de edad, soltero, emplazador y vecino de Manatí, Puerto Rico, bajo juramento declaro y hago constar que:
>
> 1) Mi nombre y demás circunstancias personales son las antes mencionadas.
>
> 2) Que hago esta declaración de buena fe y sin ánimo de defraudar a nadie si no con el único propósito de hacer constar las gestiones que he hecho por localizar a las partes interesadas.
>
> 3) Que recibí copia de la Demanda, junto a emplazamientos dirigidos a **Iris Vázquez González** y la Sociedad Legal de Gananciales, de epígrafe el 9 de diciembre de 2022.
>
> 4) Que el 11 de diciembre de 2022 me personé al pueblo de San Lorenzo, al Barrio Los Quemados, al HC-60 Box 43110, y le pregunté al Sr. Nelson Ramos y le pregunté por la demandada y me contestó que desconocía qui[é]n era esa persona y no vivía en esa dirección.
>
> 5) Que ese mismo día me entrevisté con Doña Melba Luciano y le pregunté por la demandada en esa misma dirección y me contestó que no sabía qui[é]n era y menos donde se encontraba.
>
> 6) Que eso [sic] mismo día me entrevisté con Doña Carmen Feliciano y le pregunté por la demandada en esa misma dirección y me contestó que no sabía qui[é]n era y menos donde se encontraba.
>
> 7) Que ese mismo día 11 de diciembre de 2022 me trasladé al Cuartel de la Policía Estatal y me entrevist[é] con el policía Natan[a]el Medina Ríos a eso de las 2:03 pm placa 32027 y le pregunté por la demandada en esa misma dirección y me contestó que no sabía quién era [ y ] menos donde se encontraba.
>
> 8) Que ese mismo día 11 de diciembre de 2022, me trasladé al Cuartel de la Policía Municipal el cual se

---

[7] *Íd.*, Anejo.

encontraba cerrado y sin retén a eso de las 2:20 pm. Al lado se encontraba la Oficina de Manejo de Emergencias y me entrevisté con Leslie Cotto Coma, paramédica y le pregunté por la demanda y me contestó que no sabía quién era y menos donde se encontraba.

9) Que ese mismo día 11 de diciembre de 2022 me trasladé a los Bomberos a eso de las 2:31 pm y me entrevisté con el Bombero José Rojas Nieves y me contestó que no sabía quién era y menos donde se encontraba.

10) Que hice una búsqueda en las redes sociales y aparecen los siguientes perfiles con el nombre de **Iris Vázquez González** se desconoce si alguno es el demandado, ya que tienen diferentes localizaciones https://www.facebook.com/search/top/?q=Iris%20V%C3%AIzguez%20Gonz%11ez%20

11) Que hice una búsqueda en Yahoo y aparecen los siguientes perfiles con el nombre de **Iris Vázquez González** se desconoce si alguno es el demandado, ya que tienen diferentes localizaciones https://search.yahoo.com/search?fr=mcafee&type=E2IIUS714G0&p=Iris+V%C3%A1zguez+ Gonz%C3%llez

12) [...]

En lo aquí concerniente, el 12 de abril de 2023, el señor Reyes Agosto presentó una *Moción de Desestimación.*[8] En esta, arguyó que la señora Vázquez González había sido incluida en la demanda bajo el seudónimo de Jane Doe y que, en ese momento, no se solicitó ni se expidió el correspondiente emplazamiento. A su vez, expuso que, al haber transcurrido 126 días desde que se expidió el emplazamiento personal a nombre de la señora Vázquez González, por sí y en representación de la Sociedad Legal de Gananciales, esta tampoco fue emplazada conforme a derecho. Según el apelado, desde que se emplazó personalmente al señor Reyes Agosto, la parte apelante conocía de su estado civil y la identidad de la señora Vázquez González. Finalmente, razonó que esta era parte indispensable en el presente pleito de daños y perjuicio, por acoso laboral, atribuido en las alegaciones de la señora Contreras Velázquez contra Reyes Agosto. Por ende, solicitó la desestimación de la demanda por falta de parte indispensable.

El **1 de mayo de 2023**, la señora Contreras Velázquez presentó su escrito intitulado *Moción en Oposición a Moción*

---

[8] SUMAC TPI, Entrada núm. 73.

*Solicitando Desestimación Presentada por el Demandado.*[9] Mediante el referido escrito, la apelante arguyó que no procedía la desestimación, toda vez que desde el 7 de febrero de 2023 se había sometido al procedimiento de la Regla 4.6 de las de Procedimiento Civil, *supra,* para emplazar por edicto. **Asimismo, apuntaló que, durante este tiempo, el foro primario no ha resuelto la moción expidiendo el emplazamiento por edicto solicitado**. Nuevamente adjuntó la declaración jurada del emplazador y los correos electrónicos en los que, a través de la representante legal del demandado, la señora Vázquez González admitía renunciar al emplazamiento, solicitando días adicionales para completar el proceso y, luego, retractándose de lo anterior. Ante ello, razonó que esto demostraba su intención de ocultarse para evitar ser emplazada.

Luego de otros incidentes procesales, innecesarios detallar, el 12 de noviembre de 2025, el TPI emitió la *Sentencia Parcial* apelada desestimando el pleito contra la señora Vázquez González y la Sociedad Legal de Gananciales.[10] Ello, al amparo de la Regla 4.3 de las de Procedimiento Civil, *supra.* Según razonó el foro primario, el término de 120 días transcurrió sin que se lograra diligenciar el emplazamiento contra la codemandada Vázquez González y la Sociedad Legal de Gananciales. En la misma determinación, denegó la moción solicitando el emplazamiento por edicto, toda vez que, a su entender, la declaración jurada que acompañó el referido petitorio era insuficiente sin disponer específicamente las razones de su raciocinio.

Inconforme con la decisión, el 1 de diciembre de 2025, la parte apelante presentó una *Moción en Solicitud de Reconsideración.*[11] La

---

[9] SUMAC TPI, Entrada núm. 75.
[10] SUMAC TPI, Entrada núm. 96.  El dictamen se notificó al día siguiente.
[11] SUMAC TPI, Entrada núm. 97.

señora Contreras Velázquez argumentó que solicitó el emplazamiento por edicto dentro del término establecido en la Regla 4.3, para someterse a las disposiciones de la Regla 4.6 de las de Procedimiento Civil, *supra*. Agregó que, en el presente caso, cumplió con los requisitos que exige la referida norma y la jurisprudencia en nuestro ordenamiento jurídico para la expedición de los emplazamientos por edicto. También apuntaló que las gestiones realizadas por el emplazador incluyeron visitas a la última dirección conocida de la señora Vázquez González, entrevistas y consultas con vecinos, tales como Nelson Ramos, Melba Luciano y Carmen Feliciano; así como, consultas en cuarteles municipales y estatales, visitas a la estación de bomberos más cercana, búsqueda en redes sociales, verificaciones electrónicas y consultas de información en plataformas adicionales. Finalmente, esbozó que la decisión del tribunal afectaba el curso procesal del caso y le privó de subsanar las supuestas insuficiencias; toda vez que presentó la solicitud cuando restaban cincuenta y ocho (58) días que, de haber resuelto el TPI de manera diligente, le hubiesen permitido corregir cualquier defecto, incluso, antes de vencer el término de ciento veinte (120) días dispuestos en la Regla 4.3 de las de Procedimiento Civil, *supra*.

El 14 de enero de 2026, el TPI emitió una *Orden* declarando *No Ha Lugar* a la solicitud de reconsideración.

Aun en desacuerdo, la apelante acudió ante esta *Curia* imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA DECLARACIÓN JURADA PRESENTADA POR LA PARTE DEMANDANTE EN APOYO A SU SOLICITUD DE EMPLAZAMIENTO POR EDICTO ERA INSUFICIENTE, A PESAR DE QUE LA MISMA DETALLABA MÚLTIPLES DILIGENCIAS RAZONABLES DIRIGIDAS A LOCALIZAR Y [A] EMPLAZAR PERSONALMENTE A LA CODEMANDADA IRIS VÁZQUEZ GONZÁLEZ, CUMPLIENDO ASÍ CON EL ESTÁNDAR ESTABLECIDO POR LA REGLA 4.6 DE PROCEDIMIENTO CIVIL Y [POR] LA JURISPRUDENCIA APLICABLE.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA RECLAMACIÓN POR FALTA DE JURISDICCIÓN PERSONAL, CUANDO LA PARTE APELANTE SOLICITÓ EL EMPLAZAMIENTO POR EDICTO A LOS SESENTA Y DOS (62) DÍAS DE EXPEDIDO EL EMPLAZAMIENTO —ES DECIR, A POCO MÁS DE LA MITAD DEL TÉRMINO JURISDICCIONAL DE CIENTO VEINTE (120) DÍAS— Y DICHA SOLICITUD PERMANECIÓ SIN RESOLVER POR APROXIMADAMENTE DOS (2) AÑOS Y NUEVE (9) MESES, PRIVANDO A LA PARTE DE UNA OPORTUNIDAD REAL Y EFECTIVA PARA COMPLETAR O SUPLEMENTAR CUALQUIER GESTIÓN QUE EL TRIBUNAL ENTENDIERA NECESARIA.

El 17 de febrero de 2026, emitimos una *Resolución* concediendo término a la parte apelada para expresarse. El 16 de marzo de 2026, la parte apelada presentó un escrito intitulado *Alegato en Oposición a Apelación,* cumpliendo con lo ordenado. Así, nos damos por cumplidos y; a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

En términos generales, la jurisdicción ha sido conceptualizada como el poder o autoridad con el que está investido un tribunal u organismo adjudicativo para atender los casos y las controversias que se le presenten. *Pérez López y otros v. CFSE,* 189 DPR 877, 882-883 (2013). Ningún tribunal podrá actuar sobre un demandado sin antes haber adquirido la autoridad necesaria para ello, es decir, si antes no adquiere jurisdicción sobre su persona. *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 37 (2014).

Dentro de nuestro esquema adversativo civil, el emplazamiento constituye el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993). El emplazamiento también persigue el propósito de notificar a la parte demandada que se ha instado en su

contra una reclamación civil de suerte que pueda esta comparecer al pleito, ser oída y defenderse, si es que así lo interesa. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Asimismo, el emplazamiento permite que la parte contra la cual se ha iniciado el proceso en su contra quede obligada con el dictamen que en su día emita el tribunal. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Al ser el emplazamiento un mecanismo de rango constitucional, el fiel y cabal obedecimiento de sus requisitos resulta ser del estricto cumplimiento. *In re Rivera Ramos*, 178 DPR 651, 667-668 (2010); *Global v. Salaam*, 164 DPR 474, 480-481 (2005); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863-864 (2005). El derecho procesal civil vigente, 32 LPRA Ap. V, contempla la posibilidad de emplazar a un demandado mediante tres (3) métodos distintos. La Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, regula lo concerniente al emplazamiento personal, que no es otra cosa que, la entrega directa y personal al demandado, de copia de la demanda y del emplazamiento.

Por su parte, la Regla 4.5, 32 LPRA Ap. V, R. 4.5, provee el mecanismo para renunciar voluntariamente al emplazamiento personal. Finalmente, la Regla 4.6, 32 LPRA Ap. V, R. 4.6, versa sobre el emplazamiento por edicto. De su texto surge que en ciertas ocasiones nuestro sistema procesal civil **le permite a un demandante prescindir del emplazamiento personal de un demandado**, pudiendo optar por recurrir a métodos alternos de notificación como lo es el emplazamiento por edicto. *Rivera v. Jaume*, 157 DPR 562, 579 (2002).

En este sentido, cuando el emplazamiento personal no puede efectuarse, la Regla 4.6 de las de Procedimiento Civil, *supra*,

autoriza el emplazamiento por edicto. Este procede cuando la persona a ser emplazada se encuentra fuera de Puerto Rico o, estando en la jurisdicción, **no puede ser localizada tras las diligencias pertinentes, o se oculta para evitar ser emplazada,** entre otros supuestos allí contemplados. Según dispone la regla, para que el tribunal autorice este mecanismo, **es indispensable la presentación de una declaración jurada que detalle fehacientemente las diligencias efectuadas para localizar al demandado y emplazarlo personalmente**. Además, debe surgir de dicha declaración, o de la demanda, que existe una reclamación que justifica la concesión de algún remedio.

Por tanto, esta declaración jurada tiene que contener <u>hechos claros, específicos y detallados demostrativos de todas las diligencias practicadas por el demandante con el fin de emplazar personalmente al demandado</u>. <u>Meras generalidades no tendrán valor significativo alguno</u>. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 988 (2020); *Banco Popular v. S.L.G. Negrón,* supra, a la pág. 865.

El Tribunal Supremo ha reiterado que la razonabilidad de las diligencias dependerá de las circunstancias particulares de cada caso y que su suficiencia se medirá tomando en consideración todos los recursos razonablemente accesibles al demandante. El tribunal deberá examinar si, a la luz de las circunstancias concretas, las gestiones practicadas agotaron toda posibilidad razonable disponible para localizar al demandado. *Lanzó Llanos v. Banco de la Vivienda,* 133 DPR 507, 513-515. En ese contexto, la declaración jurada no puede consistir en meras generalidades ni afirmaciones conclusorias; debe contener hechos específicos, detallar fechas, personas contactadas y direcciones investigadas, de forma tal que el tribunal pueda aquilatar la suficiencia de las diligencias realizadas. *Íd.* Solo cuando se demuestra fehacientemente que se

han llevado a cabo tales gestiones podrá autorizarse el emplazamiento por edicto. *Íd.,* a la pág. 513.

Como buena práctica se ha reconocido el inquirir con las autoridades de la comunidad, tales como policía, alcalde y administrador de correo, porque a fin de cuentas son estas las personas, que, con alguna probabilidad, pudieran conocer la residencia y paradero de las personas que viven en la comunidad que son buscadas para ser emplazadas. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, a la pág. 988. El resultado de tales diligencias debe ser parte del **contenido** de la declaración jurada. *Global v. Salaam,* supra, a la pág. 482-483.

Asimismo, ha sido avalado como correcta metodología expresar en la declaración jurada las personas con quienes se investigó y sus respectivas direcciones. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, a la pág. 988. Resulta entonces imperativo demostrar mediante la declaración de referencia que se han realizado todas estas diligencias y algunas otras, puesto que es la única manera en que satisfactoriamente se le podrá acreditar al tribunal la imposibilidad de una notificación personal al demandado, lo que a su vez constituirá la única forma en que el foro adjudicador podrá construir una correcta y válida autorización para emplazar por edicto. El tribunal deberá tomar en consideración las circunstancias particulares del caso y corroborar a su satisfacción la suficiencia de las diligencias del demandante contenidas en la declaración jurada antes de autorizar el emplazamiento por edicto solicitado. *Banco Popular v. S.L.G. Negrón,* supra; *Mundo v. Fuster,* 87 DPR 363, 372 (1963).

En *Sánchez Ruiz v. Higuera Pérez et al.,* supra, a las págs. 993-994, el Tribunal Supremo resolvió que **la solicitud de emplazamiento por edicto debe presentarse antes de que venza el término para diligenciar el emplazamiento personal** y que, **una**

**vez acreditadas las diligencias realizadas en el término dispuesto, podrá autorizarse dicho mecanismo**. Además, determinó que, una vez se expide el emplazamiento por edicto, comienza a transcurrir un nuevo término improrrogable de ciento veinte (120) días para su diligenciamiento. Véase, además, *Bernier González v. Rodríguez Becerra*, supra, a la pág. 650. De ello surge que, **la acreditación adecuada de las diligencias realizadas, dentro del término de ciento veinte (120) días, constituye el presupuesto indispensable para que el tribunal pueda acoger la solicitud**.

Por su parte, la Regla 4.7 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.7, regula la prueba del diligenciamiento del emplazamiento y dispone que la persona que lo diligencie deberá presentar ante el tribunal la constancia correspondiente dentro del plazo concedido para comparecer. Si el diligenciamiento lo realiza un alguacil o alguacila, bastará su certificación; si lo efectúa una persona particular, será necesaria su declaración jurada.

El propósito de esta disposición no es propiciar ataques formales al emplazamiento cuando este fue efectivamente realizado, sino evitar que una parte debidamente emplazada impugne su validez por el mero tecnicismo de que no conste formalmente el diligenciamiento. *Reyes v. Oriental Federal Savings Bank,* supra, a la pág. 26. Así, la prueba del diligenciamiento constituye la constancia formal de que el emplazamiento y la entrega de la demanda se efectuaron en la fecha consignada y de que la persona emplazada quedó debidamente notificada, permitiendo al tribunal adquirir jurisdicción sobre su persona.

Una vez autorizado el emplazamiento por edicto, este deberá publicarse una sola vez en un periódico de circulación general. Dentro de los diez (10) días de la publicación, deberá enviarse copia del emplazamiento y de la demanda por correo certificado a la última

dirección física o postal conocida del demandado. *Caribbean Orthopedics Products v. Medshape et al.*, 207 DPR, a la pág. 1012. Para cumplir con este requisito, la notificación debe enviarse a una dirección que tenga una "probabilidad razonable" de informar al demandado de la reclamación en su contra. *Rivera v. Jaume,* supra, a la pág. 578. Véase, además, *Rodríguez v. Nasrallah,* 118 DPR 93, 102 (1986).

Por último, la Regla 4.3 (c), *supra,* establece claramente que el emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. A su vez, este añade que "[t]ranscurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos".

De otro lado, el Tribunal Supremo ha aclarado que el tiempo que la Secretaría se retrase en expedir los emplazamientos se añadirá al término para diligenciarlos. *Bernier González v. Rodríguez Becerra,* supra, a la pág. 649. **No obstante, ese tiempo adicional no constituye una prórroga, ni confiere discreción al tribunal para extender el término más allá de lo expresamente dispuesto en la Regla 4.3(c)**. *Íd.* Asimismo, ha reiterado que el término de ciento veinte (120) días comienza a transcurrir una vez se expiden los emplazamientos, pues antes de ello no existe nada que diligenciar. *Pérez Quiles v. Santiago Cintrón,* supra, a las págs. 388-390.

Por último, destacamos que, en *Bernier González v. Rodríguez Becerra,* supra, a la pág. 645-650, el Tribunal Supremo tuvo la oportunidad de aclarar el lenguaje de la Regla 4.3 de las Procedimiento Civil de 2009, *supra.* Luego de hacer un recuento de

las enmiendas que ha sufrido la citada regla, concluyó nuestro más alto foro que **no cabe hablar de discreción a la hora de extender el término de 120 días provistos para el diligenciamiento del emplazamiento** y, en cambio, **el tribunal primario está obligado** a desestimar automáticamente la reclamación.

### III.

En esencia, la parte apelante señaló que incidió el foro primario al denegar la solicitud de emplazamiento por edicto al amparo de la Regla 4.6 de las de Procedimiento Civil, *supra*, a pesar de demostrar las diligencias y de cumplir con el estándar establecido por el ordenamiento jurídico. A su vez, como segundo señalamiento de error, adujo que erró el TPI al desestimar parcialmente el pleito por falta de emplazamiento personal según dispuesto en la Regla 4.3 (c) de las de Procedimiento Civil, *supra*; aun cuando sometió en tiempo la solicitud para emplazar por edicto, al amparo de la Regla 4.6 de las de Procedimiento Civil, *supra*.

Advertimos que comenzaremos con la discusión del segundo error. Así pues, y como explicaremos en el siguiente análisis, se hace innecesario atender el primer error.

Según surge del tracto procesal, el 7 de diciembre de 2022, se expidió el emplazamiento personal contra la señora Vázquez González y la Sociedad Legal de Gananciales. Asimismo, el 7 de febrero de 2023, la señora Contreras Velázquez instó un escrito intitulado *Moción Solicitando Permiso para Emplazar por Edicto en cuanto al Demandado Iris Vázquez González*. Por lo que, la solicitud para emplazar por edicto se presentó a los sesenta y dos (62) días del término de ciento veinte (120) estatuido en la Regla 4.3 (c) de las de Procedimiento Civil para diligenciar el emplazamiento personal, según exige el ordenamiento jurídico antes esbozado. En este sentido, no cabe duda de que, con la presentación de la referida moción, la parte apelante descartó emplazar personalmente a la

señora Vázquez González, sometiéndose a las disposiciones establecidas en la Regla 4.6 de las de Procedimiento Civil, *supra*. Así pues, en ese momento, surgió el deber del tribunal de verificar si las diligencias que se detallan en la declaración jurada del emplazador, incluida con la antedicha moción, resultan suficientes para disponer que el emplazamiento se realice mediante edicto.

Por su parte, advertimos que la apelante, en el escrito intitulado *Moción en Oposición a Moción Solicitando Desestimación Presentada por el Demandado,* incoado el 1 de mayo de 2023, apercibió al tribunal respecto a que todavía estaba pendiente de adjudicación la referida moción solicitando la expedición del emplazamiento por edicto.

Así las cosas, y **pasados dos (2) años y nueve (9) meses desde que la apelante presentó la moción solicitando el emplazamiento por edicto**, el 12 de noviembre de 2025, notificada el día siguiente, el TPI emitió la *Sentencia Parcial* apelada desestimando parcialmente la demanda contra la señora Vázquez González y la Sociedad Legal de Gananciales. El foro apelado razonó que la señora Contreras Velázquez no emplazó a dichos codemandados dentro del término de ciento veinte (120) días improrrogables dispuesto en la Regla 4.3, *supra*. Asimismo, el tribunal declaró no ha lugar a la solicitud para emplazar por edicto a Iris Vázquez González por entender que la declaración jurada presentada en apoyo a dicha petición, a su *juicio*, resultaba insuficiente para acceder a lo solicitado.

A tenor con la normativa precedente, y más aún, con la dilación del TPI para atender la *Moción Solicitando Permiso para Emplazar por Edicto en cuanto al Demandado Iris Vázquez González* instada por la señora Contreras Velázquez el 7 de febrero de 2023, resulta forzoso revocar su proceder. Al respecto, haber resuelto dicho petitorio transcurrido en extenso el término de los ciento

veinte (120) días para emplazar personalmente, provocó a la apelante, como demandante, un estado de indefensión procesal para adelantar su caso. Esto, máxime cuando la apelante instó el pedido dentro del término establecido en las Reglas de Procedimiento Civil.

Como bien expone la señora Contreras Velázquez en el recurso ante nuestra consideración:[12]

> El emplazamiento fue expedido el 7 de diciembre de 2022. A los sesenta y dos (62) días de dicha expedición —esto es, el 7 de febrero de 2023— la parte apelante presentó una moción solicitando autorización para emplazar por edicto.
>
> Es decir, la solicitud fue presentada a poco más de la mitad del término jurisdiccional disponible.
>
> No se trató de una gestión tardía ni de una actuación cercana al vencimiento del término; por el contrario, fue una actuación diligente y oportuna que activó el mecanismo procesal correspondiente con margen suficiente para que el Tribunal evaluara la solicitud y, de entenderlo necesario, requiriera información adicional.

Por tanto, acorde con los principios fundamentales de la administración eficiente de la justicia y la protección de los derechos de las partes, nos corresponde ahora establecer un curso de acción razonable para disipar los efectos de la dilación del tribunal revisado.[13] Así, ordenamos al foro primario resolver de manera fundamentada la antedicha *Moción Solicitando Permiso para Emplazar por Edicto en cuanto al Demandado Iris Vázquez González,* en un término improrrogable de cinco (5) días, a partir del recibo del mandato. Una vez notificada la *Resolución,* que se emita en cumplimiento de lo antes ordenado, y si el tribunal determina, con descripción diáfana,[14] que las gestiones realizadas por el emplazador resultan insuficientes para expedir el emplazamiento por edicto, la señora Contreras Velázquez contará con el término restante inicial

---

[12] SUMAC TA, Entrada núm. 1, *Apelación Civil*, a las págs. 16-17.

[13] Véase, Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.1.

[14] Advertimos que el foro *a quo* solo expresó que "La declaración jurada presentada en apoyo a la referida solicitud resulta insuficiente, a nuestro juicio, para acceder a lo solicitado, por lo que declaramos no ha lugar la solicitud para emplazar por edicto a Iris Vázquez González."

de cincuenta y ocho (58) días para corregir cualquier deficiencia así notificada o para emplazar personalmente, si ello resulta posible. Enfatizamos, además, que el principio de equidad justifica este dictamen, ya que la inactividad del foro apelado permitió que los términos improrrogables para emplazar transcurrieran sin otorgarle a la apelante la oportunidad de diligenciar los emplazamientos. Lo que afectó su derecho a un proceso justo.

Sin embargo, no podemos ignorar que la señora Contreras Velázquez falló en ser más asertiva en el ruego ante el tribunal primario para reclamar que se considerara su solicitud. Recordemos que esta petición se presentó el 7 de febrero de 2023, y esta solo advirtió al foro primario que estaba pendiente de ser atendida mediante la *Moción en Oposición a Moción Solicitando Desestimación Presentada por el Demandado* instada el 1 de mayo de 2023. En este sentido, debió desplegar mayor diligencia en su reclamo ante el TPI por la evidente demora la que, como mencionamos, se extendió hasta el 13 de noviembre de 2025, fecha de la notificación del dictamen apelado.

En fin, colegimos que el TPI incurrió en el segundo error imputado por la apelante y; por consiguiente, reiteramos que se hace innecesario adentrarnos a discutir el primer error, conforme resolvimos.

**IV.**

Por los fundamentos antes expuestos, se modifica la *Sentencia Parcial* apelada. En consecuencia, ordenamos al foro primario resolver de manera fundamentada la *Moción Solicitando Permiso para Emplazar por Edicto en cuanto al Demandado Iris Vázquez González* [y la Sociedad Legal de Gananciales][15] en un término improrrogable de cinco (5) días, a partir del recibo del mandato.

---

[15] SUMAC TPI, Entrada núm. 63, *Proyecto de Emplazamiento*.

Entonces, una vez notificada la *Resolución* que se emita en cumplimiento de lo aquí ordenado, y si el TPI entiende, con razones específicas, que las gestiones realizadas por el emplazador resultan insuficientes para expedir el emplazamiento por edicto, la señora Contreras Velázquez contará con el término restante inicial de cincuenta y ocho (58) días para corregir cualquier deficiencia así notificada o para emplazar personalmente, si ello resulta posible.

Así modificada, se confirma en los restantes extremos.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones